ROSA ROSENFELD, Respondent, v. CHARLES A. STIX et al., Appellants.

St. Louis Court of Appeals, December 8, 1896.

1. **Malicious Prosecution**: EVIDENCE. In an action for malicious prosecution, evidence offered having no tendency to show probable cause for the prosecution of plaintiff, was properly excluded.

2. ———: INSTRUCTIONS. The refusal of instructions, covered by those given for the parties and of the court's motion, was not error.

3. ———: ———. Nor was it error, in such case, to refuse an instruction failing to state the essential elements of probable cause as a matter of law.

4. ———: ———. An instruction to the jury that an appeal of plaintiff from a decree of divorce against her in the circuit court suspended the operation of the decree during the pendency of her appeal, though no *supersedeas* was executed by plaintiff when the appeal was taken, was a proper instruction, and an instruction offered by defendants, that all rights and claims under the marriage were forfeited by plaintiff after the decree against her and prior to the determination of her appeal, properly refused.

5. ———: JUDGMENT: EVIDENCE. In such case a judgment supported by evidence tending to show that the prosecution complained of was not in the interest of public justice, but to gratify private spleen, will be sustained.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Sanders & Swarts* for appellants.

The court erred in giving the instruction of its own motion. Where a decree is rendered by a court of competent jurisdiction, the issues presented by the pleadings are settled by the decree until it is reversed, set aside, or vacated by the appellate court. *State v. Meeker*, 19 Neb. 444; 3 Dall. 321; 7 Cranch, 110; 20 How. 198; Van Fleet's Former Adjudication, 126; Freeman on Judgments, secs. 328, 333; *Ketchum v. Thatcher*, 12 Mo. App. 185; Elliott's Appellate Procedure ———; *Greenwood v. Murray*, 26 Minn. 259; *Burgess v. Hitt*, 21 Mo. App. 314; *Nil v. Comparat*, 16 Ind. 107; *Coin v. Williams*, 16 Nev. 427; *Orleans v. Platt*, 99 U. S. 676; *Cole v. Connelly*, 16 Ala. 274; *Dutcher v. Culver*, 23 Minn. 415.

The court erred in giving plaintiff's instruction number 2. It is erroneous in that evidence of acquittal does not of itself "tend to show no probable cause for the prosecution." *Boeger v. Langenberg*, 97 Mo. 398. See, also, *Sharpe v. Johnson*, 76 Mo. 660; *Smith v. Burruss*, 100 *Id.* 100.

The court erred in not giving defendant's instruction number 5. *Boeger v. Langenberg*, 97 Mo. 398; *Christain v. Hanna*, 58 Mo. App. 45; 3 Lawson's Rem. & Prac. sec. 1089.

The court erred in not giving the defendant's instruction number 6 as to what constitutes "reasonable

cause." *Christain v. Hanna*, 58 Mo. App. 45; *Peck v. Chouteau*, 91 Mo. 138.

The court erred in not giving defendant's instruction number 8. Probable cause is purely a question of law, based upon a hypothetical finding of facts by the jury. *Thomas v. Smith*, 51 Mo. App. 614; *Meysenberg v. Engelke*, 18 Mo. App. 351–353.

*H. A. Loevy* for respondent.

Whether respondent bought any goods from any other mercantile house was immaterial and irrelevant. *Hill v. Palm*, 38 Mo. 14, 20.

That respondent made false representations in other stores would not be any justification to appellants for their action. *Hill v. Palm*, 38 Mo. 13, 20. See, also, *Degenhart* case, 7 Mo. App. 117.

The divorce suit was of an equitable nature. In such cases the appeal vacates the decree. *Lewis* case, 59 Mo. 504; *Burgess* case, 90 *Id.* 299; *Horner* case, 10 Mo. App. 315, 317; *Atkinson* case, 17 *Id.* 496; *Miller* case, 12 *Id.* 592.

BOND, J.—The plaintiff, a married woman, pending her appeal from a decree of divorce in favor of her husband, purchased of defendants goods for the price of $17, and had them charged to her husband. The goods were sent to her residence on the next day. On the day following their delivery defendants' superintendent demanded the price of the goods or their return, threatening in default of either that he would "take her body." Upon her refusal she was arrested and imprisoned by defendants on a charge of obtaining goods under false pretenses. Upon her acquittal of this charge the present action for malicious prosecution was brought, resulting in a judgment in her favor for $250, from which this appeal is taken.

It is not claimed that the evidence is insufficient to sustain the verdict. The grounds urged for reversal relate to the exclusion of evidence and the giving and the refusing of instructions. There was no error in the rulings of the trial court on the rejected evidence. The inquiry made to plaintiff was whether she had purchased goods of other dealers. If such was the fact it had no tendency to show probable cause for the prosecution of plaintiff. *Hill v. Palm*, 38 Mo. *loc. cit.* 20. This disposes of two of the three complaints made by defendants as to the rulings on the evidence, and as the record shows that no exception was saved to the ruling of the court in the other instance, it is not subject to review.

Ten other points made by defendants are addressed to the instructions given for plaintiff and refused to defendants. A careful examination of these instructions, which are too numerous to be set out, discloses that those given for plaintiff are sustained by the recent opinion of this court (*Engleton v. Kabrich*, No. 6398) and those refused defendants are covered by those given for the parties and of the court's motion, except instruction number 8, requested by defendants. This instruction omits to state whether defendants inquired of Morris Rosenfeld or examined the records of the divorce suit to see whether an appeal had been taken in that case, which in the exercise of reasonable care it was their duty to do. It thus omitted essential elements of probable cause as a matter of law, and hence was rightfully refused. It only remains to inquire whether the one given of the court's motion was proper. By that instruction the jury were told that the appeal of plaintiff from the decree of divorce against her in the circuit court suspended the operation of such decree during the pendency of her appeal. Defendants urge that this proposition is incorrect,

since the record shows no *supersedeas* bond was executed by plaintiff when her appeal was taken. A divorce suit is substantially one in equity. As such the taking of an appeal therein vests the appellate court with all the powers of a chancellor in disposing of the case according to the weight of the evidence preserved in the bill of exceptions. *Dawson v. Dawson*, 99 Mo. 216. It has uniformly been held that alimony for support is not lost to a married woman by a decree of divorce against her pending an appeal from such a decree. This conclusion could only have been reached upon a holding that the operation of such a decree pending appeal is suspended. *Dawson v. Dawson*, 37 Mo. App. 207; *Miller v. Miller*, 12 Mo. App. 593; *Rosenfeld v. Rosenfeld, ante,* page 29. It is obvious from these authorities that the status of the parties to a divorce suit is not absolutely fixed until a final decision of the cause, in cases of appeal, by the court of last resort. It is equally clear that the statute regulating appeals from moneyed judgments and providing for a *supersedeas* of execution thereon has no applicability, as insisted by defendants, to an appeal from a decree of divorce. The effect of such an appeal is a suspension of the order dissolving the relations of husband and wife, pending its determination. The parties are not during this interim divorced and therefore free to remarry or absolved from all duties to each other, but are legally husband and wife until an ultimate disposition of the case is had. Our conclusion is there was no error in the view expressed in the instruction of the trial court, and consequently no error in the refusal of an instruction offered by defendants to the effect "that all rights and claims under the marriage were forfeited" by plaintiff after the decree of divorce against her in the circuit court and prior to the determination of her appeal therefrom. The judgment in

this case seems to be supported by evidence tending to show that the prosecution complained of was not the interest of public justice, but that it was begun to gratify private spleen for the failure of defendants to collect a debt. It will therefore be affirmed.

All concur.