MARGARET CADDELL, Appellant, v. A. E. GIBSON Administrator of Estate of G. W. Caddell, Deceased, Respondent.

Kansas City Court of Appeals. June 14, 1920.

Divorce: Appeal: Death of Respondent: Revival: Widows Right of Property. Where a wife brought suit for divorce, the husband filing a cross-bill upon which he obtained a decree against her and she appealed, the husband dying during the pendency of the appeal and the cause being revived against the administrator of his estate, it was *held*: That while the matter of divorce was at an end by the death of the husband, yet in order that injustice should not be done her in the matter of her property rights in his estate, the propriety of the decree in his favor should be enquired into by the appellate court, and if found to have been improperly granted to reverse it, thus leaving her, as his widow, unaffected by it.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis*, Judge.

REVERSED.

*Scott J. Miller* and *Thos. H. Hicklin* for appellant.

No brief for respondent.

ELLISON, P. J.—This action was instituted by plaintiff for a divorce. Defendant filed a cross-bill. A decree was rendered for him on the cross-bill. Plaintiff appealed to this court.

After the appeal was taken defendant died and the cause was revived against the administrator of his estate, and it is suggested that as defendant has died, the action being for divorce, nothing can be done save to dismiss the appeal.

It appears that defendant was possessed of property, in which instance, justice requires that the case be heard, not as regards the mere dissolving the relation of husband and wife, for death has done that, but that the plaintiff, if she has had a divorce adjudged against her erroneously, may have such adjudication set aside to the end that she may assert a widow's claim in his estate which, if the judgment stands unreversed, she could not do. It requires but a moments reflection to see the rank injustice which might be done an innocent woman. The death of her husband ought not, *ipso facto,* to deprive her of her legal rights.

In Danforth v. Danforth, 111 Ill. 236, 243, the Supreme Court of Illinois said: "It is claimed that the death of either party puts an end to all further legal proceedings. This is true where the death takes place before any final decree of divorce. [Ewald v. Corbett, 32 Cal. 493; Swan v. Harrison, 2 Coldw. 534; Pearson v. Darrington, 32 Ala. 227.] But where a decree of divorce has been improperly obtained, and the proceedings are erroneous, the party whose property rights have been injuriously affected by such decree ought not to be concluded by reason of the subsequent death of the other party. While both parties live, a writ of error lies to reverse an erroneous decree of divorce, the effect of which is to restore both parties to their former status of husband and wife,

in law, and after the death of one it ought to lie in favor of the other party, not for the same purpose, but to restore the survivor to his or her rights of property divested erroneously by the decree. On the reversal of a decree of divorce, the parties will be placed in the position they occupied before the decree was entered, and if one of them has died between the date of the decree of divorce and its reversal, the survivor procuring the reversal will be entitled to all rights of succession or dower, and the like, in the estate of the other, the same as if no divorce had ever been had; but in such case the court need not ordinarily remand the case, as no other decree of divorce can ever be had.''

And so the law is declared in Strickland v. Strickland, 80 Ark. 451; Nickerson v. Nickerson, 34 Oregon, 1 and Thomas v. Thomas, 57 Md. 504. To the same effect is 1 Corpus Juris, 208, sec. 404, and 171, sec. 289.

We have examined the evidence in the case and find that the decree cannot be sustained. It appears that plaintiff was defendant's second wife. That before the death of his first wife he employed plaintiff (who was then nineteen years old) as his stenographer in his office and that shortly thereafter he began illicit relations with her, promising to marry her when his wife died, the latter's health not then being good. As a result of this intercourse, she gave birth to a child still living. That defendant's wife having died in the meantime, he and plaintiff were married. They soon fell into disagreements and each used gross language towards the other. She accused him of attentions to other women. And he accused her, not directly, with adultery, but with improper conduct especially with a certain "drunk man." His charges appear to be without foundation. He concedes plaintiff to be a good woman but for the influence of her mother. But at the same time he cast an aspersion on her by saying "it might be my child, but I don't know whether it is or not." But he testified to the following on cross-examination; "I married her after the birth of the child. The reason I married this girl, we done wrong, me and

her, while she was working in our jitney office, and we talked this over and I said we could rectify this; a man will never do a wrong if he had the right kind of a heart in him without rectifying it, and I married the woman because we done wrong and because I lover her, in my first wife's lifetime. October 10, 1917, was about the time of our marriage. If I ever got along with her a week I have knowed her ten thousand years to my knowledge. She is the best woman living today when she is a good woman. Jealousy of me is the most of the trouble." As we have said he made accusation of infidelity against her, but he was also abusive in other ways. At one time in answer to a vile name she called him he said, "If you were a man I would cut your liver out and wash your face with it."

There was other evidence which need not be gone over in detail, soffice it to say that we think defendant was not entitled to a decree of divorce and that it should be reversed.

In view of the fact that defendant died after the decree was rendered and during the penency of plaintiff's appeal, it is not necessary to decide whether she should have had a decree on her petition; for whether she was or not, defendant not having been entitled to one in his favor, our reversal of that decree leaves her and her rights unaffected by it.

The judgment is reversed. All concur.