ELLA MATLICK, Appellant, v. CLYDE MATLICK, Administrator of the Estate of HARRY V. MATLICK, Deceased, Respondent.

St. Louis Court of Appeals. Opinion Filed April 3, 1923.

1. **JUDGMENTS: Divorce: Motions for New Trial and in Arrest: Withdrawal After Death of Husband: Nullity.** Where the wife was granted a divorce and the husband filed his motions for a new trial and in arrest of judgment and died whilst same were pending, an attempt of counsel for the husband at the divorce trial to withdraw the husband's motion for a new trial after his death was a nullity.

2. **DIVORCE: Divorce Granted Wife: Death of Husband Pending Motions for New Trial and in Arrest: Wife not Divorced.** Where the husband died pending his motions for a new trial and in arrest of judgment in a divorce action granting the wife a divorce and dismissing the husband's cross-bill, *held* there was no final judgment dissolving the bonds of matrimony between the parties and they remained husband and wife, and the wife of deceased at the time of his death was entitled to her widow's share in his estate.

Appeal from the Circuit Court of Scotland County.— *Hon. N. M. Pettingill,* Judge.

REVERSED AND REMANDED (*with directions*).

*Stewart & Stewart* and *James C. Dorian,* for appellant.

(1)   Our first contention is that under the law there can be no final judgment until after the termination of four days after the finding in the cause, and that if a motion for a new trial is filed then there is no final judgment until said motion is disposed of and that in the divorce case between Ella F. Matlick, appellant herein, and Harry V. Matlick, the deceased, there was no final judgment because the motion for a new trial was pending at the time of his death.   Walker v. Scofield, 167 Mo. 537; Riddelsbarger v. McDaniel et al., 38 Mo. 139; Givens v. Van Studdiford, 86 Mo. 154; McGurry v. Wall, 122 Mo. 619;   Holland v. Marshall, 181 S. W. 124.   (2)   There cannot be any contention that the suit for divorce abates at the death of either party in any state of the proceedings in a suit for divorce, therefore when the said Harry V. Matlick died, the suit abated, and on the authority of Rosenfield v. Stix, supra, there was no divorce but the parties were still husband and wife, and after the death of Matlick no attorney had any right to appear for him in the case.   The court says in his ruling, ''It appearing to the court that the defendant was dead,'' that is all that is required to abate the action, and any steps taken by his former attorneys could not, under the law, change the status of the parties, if she was his wife during the pendency of the motion for a new trial, then she was his surviving wife after his death, and entitled to her rights in his property.

*F. E. Robinson* and *J. M. Jayne,* for respondent.

DAUES, J.—This cause originated in the probate court of Scotland county.   Appellant filed a claim in said court in which she petitioned for a widow's right in the personal property of Harry V. Matlick, deceased.   The judge of the probate court being a material witness in

the cause, same was certified to the circuit court of that county. The matter being heard in the circuit court on August 29, 1921, there was a finding and judgment in said court against the appellant, the court holding that the "plaintiff is not entitled as widow of the deceased to any allowance, dower or other right in the personal estate of Harry V. Matlick, deceased." After appropriate motions, appellant brings the case here on appeal.

The record discloses that Ella F. Matlick in 1919 began divorce proceedings against her husband, Harry V. Matlick, at the regular December term of the Knox County Circuit Court. Matlick appeared and filed a cross-bill. On December 9, 1919, the court heard the matter and made its finding in said cause, dismissing the defendant's cross-bill and finding the issues in favor of plaintiff, and granting her a divorce as prayed. The pleadings in the divorce case are not brought before us. The court awarded one child to the mother and one child to the father, and ordered the husband to contribute $10 a month to the support of the child awarded to plaintiff, the mother. On the same day the court made this finding in said cause, the defendant filed his motions for a new trial and in arrest of judgment. These motions were not taken up on that day, but were passed until February 28, 1920. In the meantime, on February 3, 1920, Matlick died. Attorneys who had represented the defendant in the divorce proceedings, without suggesting to the court that Matlick had died, called up said motions for new trial and in arrest of judgment, and the court on that day made an order of record overruling said motions. Thereafter, on April 5, 1920, on being advised of the death of Matlick, the court set aside the order overruling said motions and made an order reinstating same. The record gives the court's reason for such ruling, as follows: "It appearing to the court that the said defendant was dead at the time said ruling was made." Thereafter, on the same day defendant's attorneys, by leave of the court, purported to withdraw said motions. From the

agreed statement of facts it appears that Matlick died intestate in Scotland county, as stated before, on February 3, 1920. Letters of administration were granted to Clyde Matlick, the respondent herein, by the probate court of Scotland county. Respondent qualified as such administrator and was so acting at the time appellant's claim as the widow was filed. The widow's application for allowance is in due form and was filed on May 20, 1920. It appears that the administrator at that time had collected about $3000 from the personal estate of the deceased, nearly all of which was then on hand.

The question presented to us on this appeal, therefore, is whether the circuit court erred in holding that the appellant was not the lawful wife of Harry V. Matlick at the time of his death. Appellant's assignment of error is that the court erroneously failed to hold that there was no final judgment in the divorce case in the Knox County Circuit Court at the time Matlick died; that the court should have held, as there was no final judgment at the date of the death of the said Matlick, that appellant herein was then his lawful wife and entitled to her rights in his estate.

We disregard the attempt of counsel who represented defendant at the divorce trial to withdraw the motion for a new trial after Matlick's death. This, of course, was a nullity. This is not such a case as we dealt with in Alt v. Alt, decided by this court at this term but not yet reported, where the death of plaintiff occurred after final judgment below and after the case was argued and submitted to this court on appeal. In the instant case, the death occurred while the motion for a new trial and motion in arrest were pending, and before final judgment. The court made its finding in favor of plaintiff, granting her a divorce and providing that the husband pay $10 a month for the support of one of the children. The court found against defendant on his cross-bill, and on the same day the motions for new trial and in arrest of judgment were filed by the defendant. In that state of

the record the defendant died, and we need to reckon only between these stages.

In Walter v. Scofield, 167 Mo. 537, 67 S. W. 276, the rule with reference to the status of a case while a motion for a new trial is pending is succinctly set forth. There it is said by Judge MARSHALL, (l. c. 546):

"The principle that until the motion for new trial is disposed of, the whole matter remains in the breast of of the court, and hence, there is no final judgment, was recognized and enforced by SHERWOOD, J., in McGurry v. Wall, 122 Mo. l. c. 619. The most striking illustration of the rule is found in St. Francis Mill Co. v. Sugg, 142 Mo. 364, where the motion for new trial was not disposed of for fourteen years after it was filed, and this court, per BARCLAY, J., held that it kept the whole matter in the breast of the court during all that time, and until it was disposed of there was no final determination of the cause."

To the same effect are: Riddelsbarger v. McDaniel, 38 Mo. 138; Givens v. Van Studdiford, 86 Mo. 149, l. c. 154; Holland v. Marshall, 181 S. W. 124.

Of course, so long as there was no final judgment dissolving the bonds of matrimony between these parties, they remained husband and wife. The appellant here being the wife of Matlick at the time of his death is entitled to her widow's share in his estate. Somewhat instructive, but not directly in point, is the case of Rosenfeld v. Stix, 67 Mo. App. 582.

Respondent's counsel relies upon the case of Sterling v. Parker-Washington Co., 185 Mo. App. 192, 170 S. W. 1156. What was decided in that case is not contrary to our decision here. It is not so much a question of a merger of the cause of action in the judgment of the court, for it may be conceded that the plaintiff's cause of action, that is, her right to a divorce from the bonds of matrimony from her husband, became merged in this judgment rendered on the day that the cause was tried and against which these motions stood at the time of the death of the husband. Yet the question remains: Was

the plaintiff in that state of the record, nothing further being done, still the wife of the defendant, Matlick, and upon his death, before the judgment became final, was she not then the widow of the deceased and thus entitled to share as a widow in his estate? We cannot bring ourselves in accord with any other view than that the wife is not divorced but the widow of deceased and entitled to such rights.

From what we have said above, it follows that the judgment of the circuit court should be reversed and the cause remanded, with directions to the circuit court to proceed in accordance with our views herein expressed. *Allen, P. J.,* and *Becker, J.,* concur.