NORMAN W. PEMBERTON, Plaintiff-Respondent, v. LADUE REALTY AND CONSTRUCTION COMPANY, a Corporation, Defendant, JAMERSON C. McCORMACK, Defendant-Appellant, No. 42551—244 S. W. (2d) 62.

Division Two, November 12, 1951.

Rehearing Denied, December 10, 1951.

*Don O. Russell* and *Tyree C. Derrick* for defendant-appellant; *Karl E. Holderle, Jr.,* of counsel.

*Herbert W. Ziercher* and *Wm. J. Becker* for plaintiff-respondent.

WESTHUES, C.—Plaintiff Pemberton obtained a verdict of $15,000 against McCormack for an alleged breach of a partnership contract. From the judgment McCormack appealed.

The Ladue Realty and Construction Company was also made a defendant. A jury returned a verdict in favor of this company. Plaintiff gave notice of an appeal but filed no brief in this court as an appellant and we treat the appeal as having been abandoned. Plaintiff filed a brief as respondent taking issue with appellant McCormack on his appeal.

This is the third appeal of this case. The first trial resulted in a verdict for plaintiff. On appeal the St. Louis Court of Appeals held the verdict could not be upheld because it was based on quantum meruit; that plaintiff's evidence tended to prove an express oral contract. The judgment was reversed. See Pemberton v. Ladue Realty and Construction Company, 237 Mo. App. 971, 180 S. W. (2d) 766. The court of appeals (180 S. W. (2d) l. c. 771 (4-7)) said: "If plaintiff's evidence is true, then for this wrongful act plaintiff has a cause of action at law for breach of contract, or he might sue in equity for formal dissolution and accounting." Plaintiff then sought to proceed on the theory that the contract had been breached and asked damages therefor. The trial court dismissed the case on defendants' plea of res judicata. This court reversed that judgment holding the trial court had erred in sustaining the plea of res judicata. See Pemberton v. Ladue Realty and Construction Company, 359 Mo. 907, 224 S. W. (2d) 383.

The case was then tried before a jury resulting in verdict as above-indicated. The facts of the case were fully stated in the opinion by the court of appeals. A brief statement will be sufficient for disposition of the case on this appeal. Plaintiff was engaged in the real estate business as a broker or real estate agent. The defendant was a chemical and structural engineer. The parties had known each other many years having attended Washington University at the same time. In the spring of 1938, plaintiff had for sale as agent a 25-acre tract of land in Ladue, St. Louis County, Missouri. He approached the defendant and proposed to him that the property be purchased and divided into lots and offered for sale. Plaintiff stated that McCormack became interested and it was agreed that McCormack would furnish the money and plaintiff would do the work of supervising the subdivision and the sale of the lots. Plaintiff stated it was agreed that the profits were to be divided.

The property was purchased at a price of $40,000 and the title was taken in the name of Ladue Realty and Construction Company; the

stock in this corporation was issued to McCormack and the members of his family. McCormack, being an engineer, did much of the work of surveying the land and supervising the construction work, such as grading and building roads. Plaintiff placed signs on the property and otherwise advertised the lots for sale. The subdivision was named "Ladue Wood." It was conceded that plaintiff spent most of his time on this project from the summer of 1938 to August 7, 1940, when he was notified by the Ladue Realty and Construction Company to remove all of his signs from the premises and that his authority to sell the lots in Ladue Wood was terminated. Plaintiff then sued the defendants with the results as above-indicated.

The defendant McCormack testified that he and plaintiff never came to any definite agreement; that at various times he insisted on having a contract in writing; that he informed plaintiff that until such time as they would have an agreement in writing, plaintiff would sell lots on a commission basis. Plaintiff testified that his contract with McCormack was entirely oral and that an agreement was reached as to a plan and method of promoting the improvement of the subdivision and sale of the lots; that the program would extend over a five-year period.

It is evident that the alleged contract was not to be performed within one year from the making thereof. The defendant McCormack in his answer relied for a defense upon the Statute of Frauds, Section 3354, R. S. 1939, Mo. R. S. A., now Section 432.010, Mo. R. S. 1949. The section reads in part as follows: "No action shall be brought * * * upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized, * * *."

Plaintiff in his brief says: "Part performance of a verbal contract takes it out from under the ban of the Statute of Frauds. Scheerer v. Schurer (Scheerer), 287 Mo. 92, 229 S. W. 192; Cong. B'nai Abraham v. Arky, 20 S. W. (2) 899, 323 Mo. 776; Lambert v. Ry. (St. Louis & G. Ry. Co.), 111 S. W. 550, 212 Mo. 692; Cullegde (Gulledge) v. Davis, 264 S. W. 441."

In the case of Gulledge v. Davis, a tenant in the fall of 1922 verbally rented a farm for the year 1923. In an action for unlawful detainer, this court held the contract had been ratified by the purchaser from the landlord on January 2, 1923, and therefore the statute of frauds would not apply. The other three cases cited were equitable actions to enforce sales of real estate wherein the court held that part performance of the contract rendered the statute of frauds inapplicable.

The case now before us is an action at law to recover damages for breach of an oral contract which admittedly could not be performed

within one year. Part performance in such a case does not take the contract out of the statute of frauds. In 49 Am. Jur. 395, Sec. 35, the rule is fully stated as follows: "The fact that a contract is to be or may be partly performed within a year does not take it out of the operation of the statute. The term 'performance' means complete performance. Thus, where the defendant agreed to perform certain acts during successive years, the fact that he performed the contract during some of the years does not take it out of the statute so as to render him liable for a breach of the contract on account of his refusal of further performance. It is also the general rule that the statute renders a contract not fully to be performed within a year, in so far as executory, unenforceable in toto, and does not permit it to be enforced against the defendant to the extent that its performance within a year is called for." In 37 C. J. S. 773, Sec. 254, we note the following rule: "As a general rule, contracts not to be performed within one year are not taken out of the statute of frauds by part performance, except in certain cases in which real estate is involved or in which specific performance would be decreed. However, such contracts may be taken out of the statute by complete performance by one party thereto, regardless of how many years may have to elapse before the agreement is performed by the other party; but in the absence of controlling statute, nothing less than full performance by one party will suffice, * * *." The rule is supported by the following cases: Waller v. Tootle-Campbell Dry Goods, Mo. App., 59 S. W. (2d) 751, l. c. 754 (7); Nally v. Reading, 107 Mo. 350, 17 S. W. 978. In the Waller case the court said, "Nor does a partial performance of a contract not to be performed within a year and therefore within the terms of the statute (section 2967) dispense with the necessity of proving the contract by a complete written memorandum. Johnson v. Reading, 36 Mo. App. 306; Nally, Adm'r v. Reading, 107 Mo. 350, 17 S. W. 978; Diamon v. Wells, (Mo. App.) 226 S. W. 1016." The rule has been applied to partnership agreements. Seeley v. Morris, 242 P. (Wash.) 359, l. c. 361 (6); Lowman v. Sheets, 24 N. E. (Ind.) 351; Wahl v. Barnum, 22 N. E. (N. Y.) 280, Syl. 2. The court in the latter case said (22 N. E. l. c. 282): "A contract forming a partnership to be continued beyond one year is within the section of the statute of frauds which provides that every agreement which, by its terms, is not to be performed in one year from the making thereof, is void unless it is in writing; and a partnership so formed is a partnership at will. Morris v. Peckham, 51 Conn. 128; Williams v. Jones, 5 Barn & C. 108; Jones v. McMichael, 12 Rich. Law, 176; Essex v. Essex, 20 Beav. 442; Burdon v. Barkus, 3 Giff. 412, affirmed, 4 De Gex. F. & J. 42, 47, 50; Reed, St. Frauds, Sec. 191."

If the rule were as plaintiff contends, it would be necessary to interpret the statute to the effect that no action shall be brought

772

upon any agreement the performance of which shall not be commenced within one year from the making thereof. Taking plaintiff's evidence as true, the agreement between him and McCormack pertained to a single transaction, that is, the subdivision of the 25-acre tract for the purpose of selling the lots and dividing the profits. It was conceded that the contract could not be performed within one year, hence no action could be brought upon any such agreement unless the contract was in writing, signed by the party to be charged.

In view of what we have said; it is unnecessary to discuss the other points briefed.

The judgment is reversed. *Bohling* and *Barrett*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by Westhues, C., is adopted as the opinion of the court. All the judges concur.