253 S.W.2d 191 (1952)
CARR
v.
CARR.
No. 43149.
Supreme Court of Missouri, Division No. 2.
December 8, 1952.
*192 Fred L. Henley and Von Mayes, Caruthersville, for appellant.
J. Grant Frye, Cape Girardeau, for respondent.
ELLISON, Judge.
The defendant Burl Carr appeals from an adverse ruling on an after-trial motion in a divorce suit in which his wife [respondent here] was plaintiff and obtained a decree of divorce from him[1] and an award of $10,000 alimony in gross on June 17, 1949. We have appellate jurisdiction under Const., Art. V, § 3, V.A.M.S., *193 because the title to real estate is involved, as will presently be seen.
The defendant husband owned and had title to certain land in the City of Caruthersville, and he and the wife owned other land as tenants by the entirety. The trial court's decree entered June 17, 1949, contained the following recital: "The court has considered the property status of the parties and has heard and accepted the declaration of plaintiff that she will not hereafter claim any rights against defendant or in his property arising out of their marital status, except such rights as are given to her in aid of the collection of the judgment herein, and that other than this judgment of alimony in gross and the rights and procedures of collection incident thereto, plaintiff releases and discharges defendant of all claims arising either out of the marital status or on account of their financial affairs or property interests, except the interest she has as tenant in common with defendant of lands heretofore held by them as tenants by the entireties."
The husband appealed to this court without giving a supersedeas bond to stay execution, and about six weeks after the entry of the decree, while the appeal was pending, the respondent wife on July 30, 1949, sued out a general execution on the husband's land and certain personal property, whereunder the same was sold on September 14, 1949, and bid in by the wife, who deeded a third interest in the land to her attorney.
Nearly a year later on September 11, 1950, the opinion of this court (Division 1) on appeal, 232 S.W.2d 488, 491(6), affirmed the decree of the trial court in favor of the respondent wife but "modified" it by reducing her alimony allowance from $10,000 to $6,000, and staying execution on the judgment "pending plaintiff's release of claim to the personalty and her relinquishment of her inchoate dower interest in the described realty the title to which is vested in defendant." The mandate issued was to the same effect.
The trial court's order in obedience to this mandate, was as follows: "This January 19th 1951 is taken up the Mandate herein and in accordance therewith, the Court orders the judgment of divorce heretofore entered modified by reducing the amount of alimony in gross from $10,000.00 to $6,000.00, and also in accordance with such Mandate, plaintiff in open court releases any claim she has to any personalty of defendant and relinquishes any inchoate dower interest she has in and to any lands of defendant; otherwise said judgment of divorce heretofore entered in this cause is in all manner affirmed and declared in full force and effect; * * *."
The defendant appellant husband did not appeal from this modified judgment of the trial court at the time. But a little over a year later on February 20, 1952, he filed a written motion: (1) to set it aside; (2) to quash the execution and return under which the sale was made; and (3) to set aside the execution sale.
The reasons stated in the motion were: (1) that the trial court's modified judgment of January 19, 1951, was a pretext and subterfuge to evade and nullify the legal force and effect of the mandate and directions of the Supreme Court, and a noncompliance therewith, and therefore was void; (2) the defendant appellant husband's appeal from the decree of divorce and judgment for alimony in gross suspended the operation of the same; the cause was tried on the record de novo by the Supreme Court, which affirmed the decree of divorce but ordered the judgment for alimony reduced from $10,000 to $6,000, with a stay of execution until the plaintiff wife relinquished her dower and interest in the defendant's property, real and personal, subject to execution for alimony; (3) said dower and interest were not sold at said execution sale, the plaintiff respondent wife having purchased thereat only the interest of the defendant appellant husband in the land; but the wife nevertheless now claims to be the full and absolute owner of the land notwithstanding the mandate and directions of the Supreme Court; that in consequence said execution sale and return of the sheriff are and were premature, inequitable and void.
When the motion came on for hearing the respondent wife's counsel made an oral motion to dismiss it. Counsel for the appellant husband contended the execution *194 sale of the land pending his appeal was premature and void though he had not given a supersedeas bond, and because the decision of this court on the first appeal, 232 S.W.2d 488, suspended the trial court's decree without a supersedeas bond. On this second appeal the cause is here on the appellant husband's written motion and the respondent wife's controverting oral motion. The trial court sustained the latter and struck the appellant's motion from the files, and also his motion for new trial.
The appellant husband contends this ruling was a fatal "irregularity" in the proceedings which could be attacked by motion made at any time within three years after the term at which the judgment was rendered, under section 511.250, RSMo 1949, V.A.M.S. So far as the three year time element is concerned, we think the appellant's contention clearly accords with the statute. Even the original decree of the trial court, dated June 17, 1949, was rendered less than three years before he filed his motion of February 20, 1952.
But during the intervening time the original decree was modified by this court in its opinion on September 11, 1950, the respondent wife's judgment for alimony being reduced from $10,000 to $6,000, and execution thereon stayed pending her release of her claim to his personalty and relinquishment of her dower claim in his land. Thereupon the trial court entered another decree on January 19, 1951 in response to the ruling in this court's opinion, and it was against that decree that the appellant husband directed his attack in his motion of February 20, 1952. All this was well within three years after the second decree was rendered, and came within the terms of the foregoing statute, Sec. 511.250.
However, conceding the appellant's challenge of the trial court's second decree of January 19, 1951 was timely, the question remains whether that court's ruling was an "irregularity" within the meaning of the cited statute. The word irregularity as there used means one patent on the face of the record, and not one dependent on proof dehors the record. And the judgment must have been given contrary in some respects to the established form and mode of procedure for the orderly administration of justice.[2]
We think the trial court's action in overruling appellant's motion of February 20, 1952 and motion for new trial, and in affirming the judgment of the trial court, was an irregularity within the meaning of the statute, Section 511.250, supra. The execution sale at which the respondent Mrs. Carr bought the land was held on September 14, 1949 under a general execution issued by the trial court on July 30, 1949, while the divorce case was pending on appeal in the Supreme Court. She bought it in on the theory that she was acquiring title thereto, and thereafter conveyed a third interest therein to her attorney.
It has been held in this state[3] that the awarding of permanent alimony to the wife is unauthorized except as an incident to a decree of divorce; and that the operative effect of the decree is suspended pending appeal therefrom, during which interim the parties remain husband and wife although no supersedeas bond had been given. This being true, then by the same token the trial court's original alimony judgment in this case remained in fieri during the same period, and there was no finally adjudicated debt upon which an execution could issue. The judgment was not for suit money pendente lite but for alimony in gross. And no binding judgment for divorce fixing the amount of alimony could be rendered until there was a judgment or decree of divorce dissolving the marriage and adjudicating the alimony.
*195 The opinion of this court on appeal in this case [232 S.W.2d loc. cit. 491] expressly held that "execution on the judgment should be stayed pending plaintiff's * * * relinquishment of her inchoate dower interest in the described realty the title to which is vested in defendant." But our decree did not mention the execution sale of the appellant's land nearly a year earlier in September, 1949, during the pendency of the case on appeal, whereat it was purchased by the respondent wife, who sold a part thereof to her lawyer. Apparently the requirement in the decision that "execution on the judgment" should be stayed pending the wife's relinquishment of her dower interest in the land, refers to a new execution issued, or to be issued on the new decree for $6,000 [instead of $10,000] which this court ordered to be levied on the land as the property of the husband. And obviously this court would not have required a relinquishment of the wife's inchoate dower in the husband's land if it considered she had already acquired his title thereto at the first execution sale before the divorce decree had been made final by this court.
This is the decisive point in the case, in our opinion. Altogether the respondent wife's brief contains twelve points and cites nine statutes,[4] but we shall discuss only a few of the other points. Two of these assert the appellant husband's instant motion of February 20, 1952, cannot be treated as a writ of error coram nobis or a petition in equity. That is true, but it is immaterial since we have held the motion sufficiently raised the title issue under Section 511.250.[4] Another point is that the husband should have tendered the amount due from him under the trial court's modified judgment of January 19, 1951 before he could ask that the execution sale of September 11, 1949 be set aside, under which the wife had purchased his land and sold a third of it to her attorney. We do not agree, since that sale was premature and based on a larger alimony judgment for $10,000, which this court set aside, or reduced to $6,000, on appeal. Another point is that the husband's motion of February 20, 1952, cannot be construed as one for restitution for if it were that it would call for a money judgment and not restitution of the land in kind. We think there is no merit in these assignments.
Another point is that the granting of a decree of divorce and the allowance of alimony are two separate matters; and that there may be an appeal from either alone without disturbing the other.[5] That is true, but in this case the husband appealed on both grounds, thereby suspending the finality of the $10,000 alimony judgment under which the land was sold. As held in the Beckmann case, supra[5] "a judgment of alimony is never final in the sense it cannot be changed", and that "a new trial may be granted as to alimony alone without disturbing the judgment of divorce."
Appellant cites Wood v. Ogden, 124 Mo. App. 42, 44, 101 S.W. 615. There the plaintiff had recovered a money judgment against the defendant which was decreed to be a special lien on certain land. The defendants appealed without giving an appeal bond and the judgment later was reversed. During the intervening time [as here] the plaintiff obtained an execution, sold the land, and bid it in at the execution sale. The Court of Appeals held if a stranger had been the purchaser his title would be good, but since the execution creditor had bid it in that rule did not apply. See also Sidwell v. Kaster, 289 Mo. 174, 192(7), 232 S.W. 1005, 1010(8); Hays v. Sound Timber Co., 9 Cir., 261 F. 571, 29 A.L.R. 1067, 1077, 1078.
In the Billion case from Oregon,[3] cited *196 by appellant, a wife obtained a decree of divorce from her husband together with one-third of his real estate and $6000 cash alimony in gross. He appealed but did not file a "stay bond." During the pendency of the appeal the wife obtained an execution under which certain of his land was sold and she became the purchaser. The Oregon Supreme Court reduced the cash alimony awarded in gross from $6,000 to $2,500, and set aside the execution sale of the husband's land, but ruled the wife still held her judgment lien thereagainst for the reduced amount of cash alimony awarded.
This necessarily implied she could foreclose that lien, doubtless by a new execution. We have reached the same conclusion in the instant case. We hold the respondent wife did not acquire title to the appellant husband's land at the execution sale on September 14, 1949, but that she may have execution for her judgment debt and costs, covering her award of $6,000 alimony in gross, as allowed in our opinion, supra, reported in 232 S.W.2d 488.
For the reasons stated the judgment is reversed and the cause remanded for proceedings in conformity with this opinion.
All concur.
NOTES
[1] In the case the husband Burl Carr defended on the ground that the wife had previously been married to one Butler, who was still living and undivorced from her when she married him, Carr, in consequence of which the latter marriage was void and her action to dissolve it by divorce also was void and ineffectual.
[2] Wooten v. Friedberg, 355 Mo. 756, 765(6), 198 S.W.2d 1, 7(6, 7); Badger Lumber Co. v. Goodrich, 353 Mo. 759, 775(2), 184 S.W.2d 435; State ex rel. Erbs v. Oliver, 361 Mo. 836, 237 S.W.2d 128, 130(1); Tureck v. Tureck, Mo.App., 207 S.W.2d 780, 785(4).
[3] Pfeiffer v. Pfeiffer, Mo.App., 33 S.W.2d 184(1); Rosenfeld v. Stix, 67 Mo.App. 582, 586(4); Matlick v. Matlick, 212 Mo. App. 83, 87(2), 251 S.W. 462, 463(2); Moss v. K. C. Life Ins. Co., 8 Cir., 96 F.2d 108, 112-113; Billion v. Billion, 137 Or. 622, 635(4), 1 P.2d 1108, 1112(4), 3 P.2d 1113.
[4] Sections 506.040, 509.050, 510.340, 511.250, 511.260, 512.020, 512.050, 512.080, 513.030 RSMo 1949, V.A.M.S.
[5] Beckmann v. Beckmann, 358 Mo. 1029, 1035(4), 218 S.W.2d 566, 570(12), 9 A. L.R. 428; Stokes v. Stokes, Mo.App., 222 S.W.2d 108, 110(1).