Norma FAGAN, Earl Kresse and Tiffin Kresse, Plaintiffs-Appellants,

v.

HAMILTON BANK, a Corporation, Defendant,

Dae W. McMILLEN, Respondent-Intervenor.

No. 47304.

Supreme Court of Missouri,

Division No. 1.

Sept. 14, 1959.

John W. Newhart, Savannah, for appellants.

O. J. Adams, Hamilton, Robison & Miller, Maysville, for respondent.

HOLMAN, Commissioner.

On July 12, 1952, plaintiffs-appellants contracted to sell a 160-acre farm to Dae W. McMillen, respondent-intervenor, for $14,000 and respondent paid $1,000 on the purchase price. The purchaser has been in possession of the farm since February, 1953. On July 3, 1953, appellants conveyed the land to respondent and his wife and on said date respondent paid appellants an additional $6,000 on the purchase price. At that time he also paid the balance of $7,000 to The Hamilton Bank, Hamilton, Missouri, to be held in escrow and delivered to appellants after defects in the title had been corrected and the title approved by respondent's attorney, or title insurance procured. A suit to quiet title was thereafter filed

and a decree entered therein, but there is evidence to indicate that respondent's attorney never approved the title.

. The appellants thereafter filed the instant suit against The Hamilton Bank to recover the $7,000 which the bank held in escrow. The bank filed an answer in the nature of a bill of interpleader and was permitted to pay the $7,000 into court and the suit was dismissed as to it. Respondent filed an intervening petition in which he sought to recover damages in the sum of $9,200 from appellants upon the theory that appellants were guilty of fraud in connection with the transaction. A trial upon the issues raised by the intervening petition and appellants' answer thereto resulted in a verdict for respondent in the sum of $7,762.50.

The judgment herein was entered on June 26, 1958. The motion for new trial was filed on July 17, 1958, which was twenty-one days after the judgment was entered. The motion was not ruled upon and on October 22, 1958, plaintiffs filed their notice of appeal to this court.

■ This appeal must be dismissed. A motion for new trial must be filed "not later than ten days after the entry of the judgment." Section 510.340 (all statutory references are to RSMo 1949, V.A.M.S.). The mandatory nature of that provision is emphasized by another provision of the code which specifies that the court "may not enlarge the period for filing a motion for * * * new trial * * * as provided by this code." Section 506.060, subd. 2(2). The instant motion was not filed within the required period. An untimely motion for new trial will not operate to forestall the finality of a judgment. Mid-States Equipment Corp. v. Hobart Welders Sales & Service, Inc., Mo.App., 233 S.W.2d 757. It is provided in Supreme Court Rule 3.24(a), 42 V.A.M.S., that "For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed." Since the judgment

became final on July 26, 1958, appellants were required to file their notice of appeal on or before August 5, 1958. Section 512.-050. As stated, it was not filed until October 22, 1958. The timely filing of a notice of appeal is the vital step for perfecting an appeal and is an indispensable prerequisite to appellate jurisdiction. Section 512.050; Starr v. Mitchell, 361 Mo. 908, 237 S.W.2d 123; State ex rel. State Highway Commission of Mo. v. Graeler, Mo.App., 303 S.W. 2d 944; Bradley v. Bradley, Mo.App., 295 S.W.2d 592.

■ Since the notice of appeal was not filed within the statutory period, we are without appellate jurisdiction of this case and are required to dismiss the appeal. It is so ordered.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.