960

Mary Lee Moles HEIL, Relator,

v.

Arthur W. ROGERS, Judge of the Circuit Court for Ray and Carroll Counties, Missouri, Respondent.

No. 23056.

Kansas City Court of Appeals.

Missouri.

Dec. 7, 1959.

PER CURIAM.

Respondent's motion for rehearing or to transfer to the supreme court cites cases in which an administrator or executor has been appointed and the cause revived in the name of such representative, and thereafter a judgment was entered nunc pro tunc. In the instant case, as shown by the record and the opinion herein, the court, on March 11, 1959, entered an order of record dismissing the petition of the executor to be substituted as a party defendant for the deceased, and to grant the deceased a divorce by judgment nunc pro tunc; and also ordered that the petition for divorce and the cross-bill be dismissed. The executor did not file a motion for new trial or take any further action in the matter. On June 3, 1959, more than 30 days after the entry of this order, the court, in its purported nunc pro tunc judgment as of that date, sought to set the order aside.

Clearly, the court had lost jurisdiction to set the order aside of its own initiative, Section 510.370, V.A.M.S.; Supreme Court Rule 3.25, 42 V.A.M.S. The only motion attacking the order of dismissal was filed by the Shriners Hospital, an alleged residuary legatee, of the Estate of Joseph Norman Heil. The theory of this motion was

that the Shriners Hospital, as the residuary legatee, had a property interest in the Estate of the said Heil which might be affected adversely in an adjudication of the marital status of Heil; and that because thereof, it had a right to intervene in the divorce proceeding and, on behalf of Heil, have a judgment of divorce entered nunc pro tunc to the deceased Heil.

 We are of the opinion that the legatee was not a proper representative of the deceased; and did not have such an interest in the divorce proceeding that would authorize it to request the court to set aside its prior order of dismissal and to enter judgment of divorce nunc pro tunc. We are also of the opinion that the order

dismissing the executor's motion to intervene, and also the divorce proceeding, was final after 30 days from the entry thereof, and that the court did not have jurisdiction to set aside the order of dismissal of its own initiative after the 30-day period. Consequently, cases which discuss the authority of a court to enter a judgment nunc pro tunc on motion by an administrator or an executor who has been substituted as a party for deceased are not controlling under the state of this record.

For this reason, in addition to those assigned in the original opinion, the motion for rehearing and the motion to transfer to the supreme court should be and are overruled.