**Julius A. STEFFAN, (Deceased), Plaintiff,**

**v.**

**Marie M. STEFFAN, Defendant-Respondent, and Samuel Richeson, Guardian Ad Litem for Bruce Steffan, a minor, and also as Amicus Curiae, Appellant.**

**No. 31957.**

St. Louis Court of Appeals.

Missouri.

April 20, 1965.

Motion for Rehearing or to Transfer to Supreme Court Denied May 14, 1965.

Joseph E. Furtaw, Hillsboro, for plaintiff.

Dearing, Richeson, Weier & Roberts, Samuel Richeson, Hillsboro, for appellant.

Thurman, Nixon, Smith & Howald, Jeremiah Nixon, Hillsboro, for defendant-respondent.

DOERNER, Commissioner.

This appeal arose out of an action for divorce. On March 12, 1964, Julius A. Steffan filed a petition in the Circuit Court of Jefferson County wherein he prayed for a divorce from the defendant, Marie M. Steffan, and for custody of Bruce, the minor child of the parties. On March 20, 1964, defendant filed her entry of appearance in which she acknowledged receipt of a copy of plaintiff's petition, waived issuance and service of summons, entered her general appearance, and consented to the court taking up and hearing the matter without any further notice to her. Defendant filed no answer or other responsive pleading and did not appear in person or by counsel at the hearing of the cause on April 1, 1964. The court rendered a decree on that date in which it found that plaintiff was the innocent and injured party, granted him a divorce, awarded him custody of the minor child Bruce, and approved and incorporated in the decree a stipulation for a property settlement which plaintiff and defendant had executed on March 28, 1964.

Plaintiff was killed in an accident on April 4, 1964. On April 9, 1964, eight days after the decree had been granted and five days after plaintiff's death, defendant filed what was titled "Motion to Set Aside Divorce Decree, Or In the Alternative, Motion for a New Trial." In her motion defendant alleged, among other grounds, that the decree was obtained by fraud practiced before the court by the plaintiff in that the plaintiff and defendant had co-habited together as man and wife on March 29, 30 and 31, 1964, that they had been voluntarily reconciled, that the plaintiff had condoned any alleged acts the defendant might have committed, that plaintiff secretly and without knowledge obtained the decree, that she was unaware of the decree until after plaintiff's death, and that had she known that plaintiff was going to attempt to get a divorce after they had lived together she would have appeared in opposition and have presented what she stated was a meritorious defense. The record indicates that notice of defendant's motion was served on Mr. Joseph Furtaw, the attorney who had represented the plaintiff in the proceedings prior to plaintiff's death, and that Mr. Furtaw advised counsel for defendant either that he was not in the case anymore or that he had not been retained by anyone at that time.

The transcript further reveals that a hearing on defendant's motion was held on April 30, 1964, and that Mr. Samuel Richeson, an attorney, was present. At the beginning of the proceedings the court inquired of Mr. Richeson for whom he was appearing, and was informed by Mr. Richeson that he didn't know for whom he was appearing and that he had been employed by Mrs. Delores Williams, a sister of the deceased plaintiff. Mr. Richeson also advised the court that Mrs. Williams had filed in the Probate Court of Jefferson County an application for appointment as guardian of Bruce but that sufficient time had not elapsed for the appointment to be concluded. A colloquy ensued, during which the court at first indicated that it would appoint Mrs.

Williams as guardian ad litem of the minor, to which counsel for defendant objected on several grounds. The court then suggested that it could appoint Mr. Richeson, and expressed the intention of having "both sides" and "the opposition" represented at the hearing. Defendant's counsel renewed his objections to Mr. Richeson's appearance, and after further discussion the following occurred:

"The Court: All right, I'm going to overrule your (defendant's) objection, Go ahead, if your ready we'll put on your evidence. Who's your witness? Mrs. Steffan?

"Mr. Richeson: My status is amicus curiae?

"The Court: Your status is Guardian Ad Litum and Amicus Curiae.

"Mr. Nixon: As I understand for this proceeding alone and no other that Mr. Richeson is both amicus curiae and guardian ad litum for this minor child?

"The Court: Yes.

"Mr. Richeson: There's not limitations for this proceeding alone, whatever I'm doing here it does not have that status.

"Mr. Nixon: Now is it limited to this hearing? He stated before there's been an application of some sort filed in the Probate Court, what that is I don't know.

"The Court: That will be up to the Probate Court down there. As far as this proceeding is concerned that's his standing in this proceeding."

In view of the conclusions we have reached regarding this appeal it is not necessary to review the evidence introduced in support of and in opposition to defendant's motions. It is sufficient to state that at the conclusion of the hearing the court entered an order

granting defendant a new trial. Thereafter, on May 9, 1964, there was filed a notice of appeal on the usual printed form, which notice reads and is signed as follows:

"Notice is hereby given that Samuel Richeson, attorney on behalf of the sister of deceased, Julius A. Steffan above-named, hereby appeals to the St. Louis Court of Appeals from the Order entered in this action on the 30th day of April, 1964, granting defendant a new trial.

By /s/ Samuel Richeson
Samuel Richeson, Guardian
ad Litem for Bruce Steffan

By /s/ Samuel Richeson
Samuel Richeson, Amicus Curiae"

Dearing, Richeson, Weier & Roberts
/s/ Samuel Richeson
Attorney for deceased plaintiff

---

The only brief filed in this court on behalf of any appellant is titled "Statement, Brief and Argument of Appellant, Guardian Ad Litem and Amicus Curiae," and is signed: "Samuel Richeson, Dearing, Richeson, Weier & Roberts, Attorneys for Appellant, as Guardian Ad Litem and Amicus Curiae."

■ At the outset we are confronted with the question of our jurisdiction to entertain this appeal. It has long been the rule that the right of appeal is purely statutory and does not exist except as provided by statute. Bussiere's Adm'r v. Sayman, 257 Mo. 303, 165 S.W. 796; Walker v. Thompson, Mo., 338 S.W.2d 114; Harper v. Harper, Mo.App., 379 S.W.2d 889. Section 512.020, RSMo 1959, V.A.M.S., specifies *who* may appeal; in brief, only a party to a suit aggrieved by a judgment in a civil cause. Civil Rule 82.04, V.A.M.R., provides *when* and *how* an appeal must be taken; by the timely filing of a proper notice of appeal and payment of the docket fee. In view of these provisions there are a number of reasons why we must dismiss this purported appeal. A statement of two will suffice.

■ The fact is that there is no appellant before us. The only notice of appeal that was filed recites that Mr. Richeson, "* * * attorney on behalf of the sister of deceased, Julius A. Steffan * * *" appeals. We regard this as nothing more than a notice of appeal on behalf of Mrs. Williams, the sister of the deceased plaintiff. Assuming that she was allowed to intervene by the trial court (and the record indicates to the contrary) there was no brief filed by or on behalf of Mrs. Williams and her attempted appeal must therefore be treated as abandoned. Civil Rules 83.05, 83.09, V.A.M.R.; Pemberton v. Ladue Rlty. & Const. Co., 362 Mo. 768, 244 S.W.2d 62. While the notice of appeal is also *signed* by Mr. Richeson as both guardian ad litem and amicus curiae there is no statement therein that he appeals in either of those capacities. The timely filing of a notice of appeal is mandatory and a vital and essential prerequisite to appellate jurisdiction. Fagan v. Hamilton Bank, Mo., 327 S.W.2d 201. Assuming, without deciding, that the guardian ad litem and the amicus curiae was a proper party to the cause and aggrieved by a judgment and therefore entitled to appeal, his failure to file a notice of appeal results in a total failure to establish our jurisdiction. Franklin v. Franklin, Mo. App., 344 S.W.2d 282; In Interest of R——, Mo.App., 362 S.W.2d 642.

██ Furthermore, even if by a strained construction of the plain language of the notice of appeal we were to regard it as including the guardian ad litem and the amicus curiae, we would nevertheless be required to dismiss his appeal. The decree of divorce in favor of the original plaintiff was entered by default. Despite the name given it by the trial court, an order setting aside a default judgment is not an "order granting a new trial" within the contemplation and meaning of Section 512.020 specifying who may appeal. Crossland v. Admire, 118 Mo. 87, 24 S.W. 154; Bussiere's Adm'r v. Sayman, 257 Mo. 303, 165 S.W. 796; Gosnell v. Gosnell, Mo.App., 329 S.W. 2d 230. And many cases have held that an appeal will not lie from an order setting aside a default judgment. Crossland v. Admire, supra; Bussiere's Adm'r v. Sayman, supra; Farrell v. DeClue, Mo.App., 365 S.W.2d 68.

Since we are without jurisdiction and must dismiss the purported appeal any comment we might make on the regularity of the proceedings in the trial court following the death of the original plaintiff, or the validity of the order made, would obviously be obiter dictum, to be avoided as the plague. It may not be amiss, however, to suggest that those interested in such questions might with profit examine the cases cited in the footnote.[1]

For the reasons stated the Commissioner recommends that the appeal be dismissed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, appeal is dismissed.

WOLFE, P. J., RUDDY, J., and McGHEE, Special Judge, concur.

---

1. Hoppe, Inc. v. St. Louis Public Service Co., Mo., 235 S.W.2d 347; Overstreet v. Overstreet, Mo., 319 S.W.2d 49; Caddell v. Caddell, 204 Mo.App. 182, 222 S.W. 873; Matlick v. Matlick, 212 Mo.App. 83, 251 S.W. 462; Schumacher v. Schumacher, Mo.App., 223 S.W.2d 841; Heil v. Rogers, Mo.App., 329 S.W.2d 388, 329 S.W.2d 960.