**STERLING BREWERS, Inc.**

v.

**Kile WILLIAMSON.**

Court of Appeals of Kentucky.

June 4, 1954.

Rehearing Denied Oct. 1, 1954.

Anderson Wood, Middlesboro, for appellant.

Robert J. Watson, Middlesboro, for appellee.

MILLIKEN, Justice.

This case involves KRS 244.040 which prohibits a brewer, wholesaler or distributor from selling "any alcoholic beverages to any person in this state for any consideration except for cash paid at or before the time of delivery" and stipulates that "No right of action shall exist to collect any claim for credit extended contrary to this section."

The appellant, Sterling Brewers, Inc., of Evansville, Indiana, shipped a carload of beer in October, 1949, to the appellee, Kile Williamson, who was doing business as Middlesboro Distributing Company of Middlesboro, Kentucky, an established customer, after receiving a telephoned or mailed purchase order for it. The terms of sale as shown on the invoice were "cash on arrival" in accordance with previous orders shipped to the appellant and for which he had paid in accordance with the terms. The purchaser paid the freight bill, unloaded the beer, and failed to remit the $5,007.80 due.

When remittance of the amount was not received after a reasonable time and after requests therefor, the brewery sent its sales representative to effect a settlement which resulted in the brewery obtaining five bank checks for $1,000 each, dated ahead, and payable one month apart. Three of the checks were finally paid, but efforts to collect the other two failed signally when they were returned stamped "Payment Stopped." In the suit for the $2,007.80 balance due, plus interest, the purchaser demurred generally to the petition on the ground that it patently disclosed a breach of the statute, and, after the brewery presented its testimony, the court directed the jury to return a verdict for the purchaser, thus, in effect, sustaining the demurrer.

The statute, for one thing, obviously protects the brewer or wholesaler from the need of selling beer on credit in order to get or keep a customer, and refuses the assistance of society through the agency of its courts in effecting collection of such claims if the seller violates the statute by selling on credit. Furthermore, the seller is subject to a fine if he violates the statute by credit sales. KRS 244.990. While a sight draft, payment in advance by cash or a certified check or shipment C. O. D. would have removed all question of the transaction being tainted with illegal credit, the shipment of the beer on an invoice stamped "cash on arrival" can hardly be considered a credit transaction. It was equivalent to saying "you may have this carload of beer if you will remit the purchase price when you get it." By accepting the beer, the purchaser impliedly promised to remit the purchase price immediately in compliance with the terms of the invoice. It was the purchaser who converted the sale into a credit transaction, not the seller. The seller sold the beer "cash on arrival" which was no violation of the statute, and the statute, being a penal one, must not be enlarged by construction. The checks subsequently accepted by the seller were not an extension of credit for the sale of the beer, but rather were an effort to collect a debt which had been created by the purchaser's breach of his contract to pay "cash on arrival."

For the reasons stated, the judgment is reversed for proceedings consistent herewith.