Joseph F. ARROYO, James P. Mastelotto and Thomas E. Nevis, Plaintiffs,

v.

Robert D. WHEAT, Lois LaVonne Wheat, Terrence E. Dreiling, Paul H. Metzinger, William Holben Associates, Harry P. Holman, Ryder-Scott Company, Birr Wilson & Company, Inc. and Dominion Bank of Denver, Defendants.

No. CV–R–83–181–ECR.

United States District Court, D. Nevada.

May 23, 1984.

Richard O. Kwapil, Woodburn, Wedge, Blakey & Jeppson, Reno, Nev., for plaintiffs.

John H. Magee and Kenneth G. Hausman, San Francisco, Cal., for Birr Wilson & Co., Inc. and Harry P. Holman.

Walter A. Steele, Denver, Colo., for Terrence E. Dreiling.

James D. Hinga, Denver, Colo., for Robert D. Wheat and Lois LaVonne Wheat.

Daniel W. Pinkston and John D. Phillips, Jr., Denver, Colo., for William Holben Associates.

Porter & Clements by J. Eugene Clements, Houston, Tex., and Echeverria, Osborne & Jenkins, Reno, Nev., for Ryder-Scott Co.

Bruce T. Beesely, Reno, Nev., for Paul H. Metzinger.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Defendant Ryder-Scott Company has moved to dismiss the action against it or, in the alternative, to require the plaintiffs to replead their complaint against it with particularity. Its contentions are that:

1) Plaintiffs have not alleged a claim for relief under Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b) or Rule 10b–5 promulgated thereunder, so that the action should be dismissed under Fed.R.Civ.P. 12(b)(1) and (6).

2) Plaintiffs have failed to allege the circumstances of Ryder-Scott's purported fraud with the particularity required by Fed.R.Civ.P. 9(b), so that the action should be dismissed; and

3) Plaintiffs' claims for relief based on common law fraud, negligence, conspiracy and violations of the Securities Acts of the States of Colorado and Nevada should be dismissed for the same reasons.

In the alternative, Ryder-Scott moves that the plaintiffs be ordered, pursuant to Fed.R.Civ.P. 12(e), to replead their complaint

with more particularity as to the circumstances constituting the movant's alleged fraud and with a designation of the specific state statutes it allegedly has violated.

Ryder-Scott is a petroleum engineering firm which, from 1979 to 1982, made petroleum reserve evaluations for Oiltech, Inc., and estimated certain projections of cash flow therefrom. The plaintiffs, in their complaint against Ryder-Scott allege as follows: In 1980 and 1981 Ryder-Scott represented to the plaintiffs and others that it had conducted a thorough investigation and analysis of Oiltech's oil and mineral reserves, and had found large reserves that would derive substantial revenues upon sale. The representations were knowingly false in that Ryder-Scott had not conducted its own investigation and analysis but, instead, had relied on false representations made to it by a principal of Oiltech. Both the reserves and the revenues, as estimated by Ryder-Scott, were grossly inflated. Ryder-Scott's representations were intended to induce the plaintiffs to purchase Oiltech stock. Ryder-Scott was acting with the express knowledge and consent of the other defendants to induce the plaintiffs to purchase the stock. The conduct constituted a scheme to defraud in connection with the purchase and sale of securities, in violation of the Securities Exchange Act of 1934 and the regulations promulgated thereunder.

In addition to the Securities Exchange Act violation, the complaint alleges that all the defendants, including Ryder-Scott, are liable for common law fraud, negligent misrepresentation, violation of the Securities Acts of Colorado and Nevada, and conspiracy to defraud.

Since all the claims for relief are based on fraud, Ryder-Scott contends that the circumstances must be pleaded with particularity, pursuant to Fed.R.Civ.P. 9(b). The Rule is fully enforced in securities fraud cases, according to the movant, in order to prevent damage to a defendant's business reputation from unwarranted charges of fraudulent conduct.

Ryder-Scott's moving papers contend that the complaint is deficient in specifying when the alleged misrepresentations were made, whether they were communicated to the plaintiffs directly or indirectly, and whether they were made in verbal or documentary form. Further, the movant argues that the allegations of grossly inflated estimates of reserves and revenues are conclusory; they contain no facts to show that Ryder-Scott's representations were false when made, that Ryder-Scott knew they were false, that they were made for the purpose of inducing the plaintiffs to purchase the Oiltech stock, and that Ryder-Scott obtained any benefit from the purported fraud. In addition, it is pointed out that the allegations in the pleading that all the defendants knew of defendant Robert D. Wheat's fraudulent conduct and consented thereto, are totally conclusory.

A similar lack of factual allegations to support the claim that Ryder-Scott participated with the other defendants in an unlawful conspiracy to defraud the plaintiffs, is emphasized by Ryder-Scott. Even the references in the complaint to violations of the Securities Acts of Colorado and Nevada fail to designate the specific statutes purportedly violated.

In opposition, the plaintiffs argue that the Ninth Circuit requires only such identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer. They contend that Ryder-Scott's answer need only admit or deny that it made an independent evaluation of Oiltech's reserves, that it made reports based solely on uncorroborated information obtained from a principal of Oiltech, and that its reports disclosed the source of its information. These admissions or denials can already be made based on the circumstances alleged in the complaint, in the plaintiffs' estimation.

In their memorandum of points and authorities in opposition to Ryder-Scott's motions, the plaintiffs identify the specific state statutes as Colorado Revised Statutes sec. 11–51–123 and Nevada Revised Statutes sec. 90.185. These are the anti-fraud

provisions of the Securities Acts of the two states that parallel the federal 10(b) legislation. The plaintiffs also suggest that the misrepresentations will be found in semiannual reports issued by Ryder-Scott.

■ In an action brought under section 10(b), the elements of common law fraud need not be alleged. *Royal Air Properties v. Smith,* 312 F.2d 210, 212 (9th Cir.1962). The plaintiffs need merely allege a misstatement or omission of material fact made with the intent to defraud on which the plaintiff relied to his injury. *See Basile v. Merrill Lynch, Pierce, Fenner & Smith,* 551 F.Supp. 580, 589 (S.D.Ohio 1982). The allegations of the complaint are sufficient to withstand Ryder-Scott's Rule 12(b)(1) and (6) motions to dismiss.

■ Rule 9(b), which requires that in averments of fraud the circumstances constituting fraud shall be stated with particularity, is a rule of procedure in the federal courts which governs diversity actions. 5 Wright & Miller, Fed.Prac. & Proc. § 1297 (1984 supp.). It applies to section 10(b) cases, *Gottreich v. San Francisco Inv. Co.,* 552 F.2d 866 (9th Cir.1977), common law fraud claims, *Frischling v. Priest Oil and Gas Corp.,* 524 F.Supp. 1107, 1111 (N.D.Ill.1981), conspiracy, *In re Com. Oil/Tesoro Petroleum Corp. Sec. Lit.,* 467 F.Supp. 227, 254 (W.D.Tex.1979), as well as state law claims, *Hokama v. E.F. Hutton & Co., Inc.,* 566 F.Supp. 636, 646 (C.D.Cal. 1983). Thus, all the claims for relief herein are subject to the Rule.

■ The requirements of Rule 9(b) must be fulfilled in the complaint itself. *Ibid.; In re Equity Funding Corp. of Amer. Sec. Litigation,* 416 F.Supp. 161, n. 10 (C.D.Cal. 1976). Therefore, the requisite particularity may not be supplied in memoranda of points and authorities or answers to interrogatories.

■ Statements of the time, place and nature of the alleged fraudulent activities must be included in the complaint. *Walling v. Beverly Enterprises,* 476 F.2d 393, 397 (9th Cir.1973); *Bosse v. Crowell, Collier and Macmillan,* 565 F.2d 602, 611 (9th

Cir.1977). How much additional specificity is required depends on the nature of the individual case. *See In re Com. Oil/Tesoro Petroleum Corp. Sec. Lit., supra* at 250. In the instant action, Ryder-Scott is a firm of professional engineers whose business success depends to a large extent on its reputation for integrity. Such a situation justifies a greater degree of particularity. *See Rich v. Touche Ross & Co.,* 68 F.R.D. 243, 245 (S.D.N.Y.1975); *McFarland v. Memorex Corp.,* 493 F.Supp. 631, 638 (N.D.Cal.1980). *McFarland* holds that the plaintiffs should have to specify the misrepresentations, explain in what way they were false, and point out the facts that support an inference of fraud. *Id.* at 639. The document containing an allegedly fraudulent representation should be identified. *Hokama v. E.F. Hutton & Co., Inc., supra* at 646. Also, the complaint must be specific as to which state statutes purportedly have been violated by a defendant. *Wenzoski v. Citicorp,* 480 F.Supp. 1056, 1062 (N.D.Cal.1979).

■ Rule 9(b) particularity as to conspiracy to defraud calls for the complaint to specify the manner in which a defendant joined the conspiracy and how he participated in it. *See In re Com. Oil/Tesoro Petroleum Corp. Sec. Lit.,* 467 F.Supp. 227, 252 (W.D.Tex.1979).

IT IS, THEREFORE, HEREBY ORDERED that the motion of defendant Ryder-Scott Company for a more definite statement, pursuant to Fed.R.Civ.P. 12(e), be granted.

IT IS FURTHER ORDERED that, within twenty (20) days of the date hereof, the plaintiffs shall amend their complaint as to Ryder-Scott by stating with particularity the following:

1) How the alleged misrepresentations were made;

2) Where and when the alleged misrepresentations were made;

3) To whom the alleged misrepresentations were made;

4) If the alleged misrepresentations were made in documents, specifically

where in the documents they are to be found;

5) Facts from which it can be inferred that the alleged misrepresentations were false when made and that Ryder-Scott knew they were;

6) The specific Colorado and Nevada statutes that were allegedly breached by Ryder-Scott; and

7) The circumstances or facts which show that Ryder-Scott joined and participated in the alleged conspiracy.

IT IS FURTHER ORDERED that the motion of Ryder-Scott to dismiss the action be denied, but without prejudice to its renewal should the plaintiffs fail timely to amend their complaint in the manner ordered above.