736 F.Supp. 1527 (1990)
Norris L. ROBERTS, et al., Plaintiffs,
v.
WALMART STORES, INC., Defendant.
No. 89-2279-C-5.
United States District Court, E.D. Missouri, E.D.
May 22, 1990.
Louis Gilden and Charles Oldham, St. Louis, Mo., for plaintiffs.
James E. Whaley, Brown, James & Rabbitt, St. Louis, Mo., for defendant Walmart Stores.

*1528 MEMORANDUM
LIMBAUGH, District Judge.
Plaintiffs are black citizens of the United States. Defendant is a retail department store. On December 5, 1989 plaintiffs were customers at a store operated by defendant in St. Charles, Missouri. During this visit plaintiffs purchased several items and presented defendant with a check in payment for the merchandise. Defendant recorded the race of plaintiffs on the check. Plaintiffs, upon becoming aware that their race was being recorded on the check, returned the merchandise and retrieved the check. Plaintiffs then filed a two-count amended complaint against defendant alleging that defendant's practice of recording the race of black citizens who pay for merchandise by check violates the Thirteenth Amendment, 42 U.S.C. § 1981, 42 U.S.C. § 1982, and 15 U.S.C. § 1691 et seq. This cause is before the Court on defendant's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Alternatively, defendant seeks for the Court to compel plaintiffs to file an amended complaint which contains a more definite statement of their claims.
In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir.1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. 5 Wright & Miller, Federal Practice and Procedure: Civil, Sec. 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. at 122-123. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, supra, 355 U.S. at 45-46, 78 S.Ct. at 102. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982). With this standard in mind, the Court turns to an examination of the plaintiffs' complaint.

Thirteenth Amendment
The Thirteenth Amendment is implicated when it is alleged that a private individual or entity deliberately acted in a way to segregate, humiliate or belittle a person of the black race in a way that prevented such a person from freely exercising a right guaranteed to all citizens. Baker v. McDonald's Corp., 686 F.Supp. 1474, 1481 (S.D.Fla.1987). Although it is clear that the Thirteenth Amendment is implicated in this action, defendant asserts that plaintiffs cannot bring this action against them directly under the Thirteenth Amendment. The Court agrees. Plaintiffs may not maintain a cause of action against defendant, a private corporation, directly under the Thirteenth Amendment. Instead, plaintiffs must base their claims on one of the implementing statutes of the Thirteenth Amendment, e.g., 42 U.S.C. § 1981 and 42 U.S.C. § 1982. Id. Therefore, any claim that plaintiffs intend to assert directly under the Thirteenth Amendment is dismissed.

42 U.S.C. § 1981
Defendant asserts that plaintiffs' claim under 42 U.S.C. § 1981 is no longer cognizable after Patterson v. McLean Credit Union, ___ U.S. ___, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). Title 42 U.S.C. § 1981 provides, in relevant part: "All persons ... shall have the same right ... to make contracts." Title 42 U.S.C. § 1981 prohibits the refusal to enter into a contract on racial grounds as well as an offer to enter into a contract only on discriminatory terms. 109 S.Ct. at 2362. After Patterson, however, this provision does not prohibit *1529 discriminatory conduct after the contract relation has been formed. Id. at 2373.
Defendant asserts that its recording the race of the plaintiffs on the check is post-formation conduct which is no longer actionable under 42 U.S.C. § 1981. After Patterson the resolution of this civil rights claim turns on an interpretation of the Missouri Commercial Code to determine whether the contract was formed at the time the alleged violation occurred. The Court does not possess enough information about the retail transaction to ascertain whether a contract was already formed at the time defendant recorded the race of plaintiffs on the check. Therefore, defendant's motion to dismiss plaintiffs' claim pursuant to 42 U.S.C. § 1981 is denied.

42 U.S.C. § 1982
Defendant asserts that plaintiffs failed to plead a cause of action under 42 U.S.C. § 1982, which provides, in part:
All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to ... purchase ... personal property.
First, defendant asserts that plaintiffs have failed to plead that blacks were treated any differently than whites. Although plaintiffs did not plead that whites purchasing merchandise by check do not have their race recorded on their check, plaintiffs' complaint should not be dismissed unless it appears that plaintiffs could "prove no set of facts in support of the claim which would entitle them to relief." Conley v. Gibson, supra, 355 U.S. at 45-46, 78 S.Ct. at 102. At this stage of the proceedings, the Court cannot say that discovery will not reveal a set of facts which will entitle plaintiffs to relief under 42 U.S.C. § 1982.
Second, defendant asserts that plaintiffs failed to plead a cause of action under 42 U.S.C. § 1982 because plaintiffs were able to purchase the merchandise with the check. Therefore, although defendant recorded plaintiffs' race on the check, no civil rights violation occurred because defendant did not refuse to sell plaintiffs the merchandise due to their race. The Court declines to give such a narrow construction to the statute. Instead, the Court interprets 42 U.S.C. § 1982 to prohibit defendant from considering the race of a purchaser in any way during a retail transaction. Although defendant was willing to consummate the retail transaction with plaintiffs, defendant is not absolved from liability under 42 U.S.C. § 1982 if defendant's motives in recording the race of plaintiffs was infected with racial discrimination. Therefore, defendant's motion to dismiss plaintiff's claims under 42 U.S.C. § 1982 is denied.

15 U.S.C. § 1691
The Equal Credit Opportunity Act, 15 U.S.C. § 1691(a)(1) provides, in part:
It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction
(1) on the basis of race....
Defendant asserts that plaintiffs failed to plead a violation of the Equal Credit Opportunity Act because defendant's acceptance of a check is not an extension of credit pursuant to 15 U.S.C. § 1691a(d), which states:
The term "credit" means the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payments or to purchase property or services and defer payments therefor.
Plaintiffs assert in their complaint that defendant's accepting payment by check constitutes credit because "the exchange of goods and merchandise for a check issued by a customer creates a valid debit or obligation on the part of the purchaser and defers payment until such time as the check is presented for payment to the debtor's bank and thereafter paid."
The Court concludes that the transaction between plaintiffs and defendant fails to meet the definition of "credit" in 15 U.S.C. § 1691a(d). Since plaintiffs' check was negotiable upon execution, defendant did not grant plaintiffs any right to purchase merchandise and defer payment for *1530 it. Although a delay in payment of the check may be necessary due to technology which does not currently allow for the immediate processing of a check, defendant maintained the right to present the check to the drawee immediately for payment.
In Bailey v. Jewel Companies, Inc., No. 79 C 2400 (N.D.Ill.1979), the Court held that plaintiff failed to state a cause of action under 15 U.S.C. § 1691 because he was denied, on racial grounds, identical check cashing privileges at all defendant's retail stores. Plaintiff argued that defendant's check cashing service was an extension of credit within the purview of the Equal Credit Opportunity Act because defendant is deprived of the funds during the period it has accepted the check but has not yet received payment from the bank. Defendant, however, argued that its check cashing service was an exchange of cash or goods for a negotiable instrument, and the required element of deferred payment was not present. The Court stated:
The Federal Reserve Board has stated that a bank is not extending credit when it permits a customer to overdraw its checking account without a pre-arranged right to impose a finance charge. If a bank, which is in the ordinary business of extending credit, is not extending credit by cashing a check when there is insufficient funds in the drawer's account to cover the check, it is difficult to see how [defendant], which is not in the business of money lending, can be said to be extending credit by cashing a customer's check.
Plaintiffs cite Sterling Brewers, Inc. v. Kile Williamson, 269 S.W.2d 249 (Ky.App. 1954) as authority for their proposition that payment for merchandise by check constitutes an extension of credit by the seller. The facts of Sterling Brewers, Inc. are easily distinguishable from those in the instant matter. The purchaser in Sterling Brewers, Inc. paid for a shipment of alcohol with five post-dated checks payable one month apart. Two of the checks were returned after payment was stopped. In the instant matter plaintiffs paid for the merchandise with a check which was a negotiable instrument at the time of execution. Moreover, the Sterling Brewers, Inc. court held that the payment by check was not an extension of credit! The court stated: "The checks accepted by the seller were not an extension of credit for the sale of beer, but rather were an effort to collect a debt which had been created by the purchaser's breach of his contract to pay `cash on arrival.'"
There is no authority for plaintiffs' argument that payment by check, absent an agreement by the seller to hold the check for a period of time before presentment to the drawee, constitutes an extension of credit rather than a cash transaction. Therefore, the Court dismisses plaintiffs' claims under 15 U.S.C. § 1691.

Motion for More Definite Statement
Defendant seeks for the Court to require plaintiffs to file a second amended complaint because "plaintiffs' amended complaint is so vague and ambiguous that defendant cannot reasonably be required to frame a responsive pleading...." Fed.R. Civ.P. 12(e) states: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." The Court has reviewed plaintiffs' amended complaint and concludes that plaintiffs' allegations are clear and plain and are undoubtedly sufficient to satisfy the requirements of notice pleading under Fed.R.Civ.P. 8. Therefore, defendant's motion for a more definite statement pursuant to Fed.R.Civ.P. 12(e) is denied.

ORDER
In accordance with the memorandum filed herein this day,
IT IS HEREBY ORDERED that defendant's motion to dismiss plaintiffs' claim which arises directly under the Thirteenth Amendment is GRANTED.
IT IS HEREBY ORDERED that defendant's motion to dismiss plaintiffs' claim pursuant to 42 U.S.C. § 1981 is DENIED.
*1531 IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiffs' claim pursuant to 42 U.S.C. § 1982 is DENIED.
IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiffs' claim pursuant to 15 U.S.C. § 1691 is GRANTED.
IT IS FINALLY ORDERED that defendant's motion for a more definite statement pursuant to Fed.R.Civ.P. 12(e) is DENIED.