**KILLIAN CONSTRUCTION COMPANY,
Plaintiff–Appellant,**

v.

**JACK D. BALL & ASSOCIATES, and
Crawford Construction Company,
Defendants–Respondents.**

**No. 18446.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 30, 1993.

**890**

Donald W. Jones, Timothy E. Gammon, John W. Forkner, Hulston, Jones, Gammon & Marsh, Springfield, for plaintiff-appellant.

John W. Sims, Haymes, Sims & Thompson, Marshfield, Lincoln J. Knauer, Farrington & Curtis, Clyde R. Allemann, Dickey, Allemann, Chaney & McMurry, Springfield, for defendants-respondents.

PREWITT, Judge.

Killian Construction Company, a corporation, and Dean Page filed a multi-count petition against the Reorganized School District R–VI of Christian County and the present defendants. Page was a taxpayer in the school district. The counts against the district were severed and tried, with judgment rendered for it. That judgment was affirmed here. *Page v. Reorganized School Dist. R–VI,* 765 S.W.2d 317 (Mo.App.1989). Plaintiff Killian alone then filed a "Revised Second Amended Petition" against "Jack D. Ball & Associates, and Crawford Construction Co."[1]

Pursuant to motion of defendants, the trial court struck certain portions of that petition on the basis of "res judicata, collateral estoppel, and the law of the case". Thereafter, the trial court sustained defendant's motion to dismiss for failure to state a claim for which relief may be granted, see Rule 55.-27(a)(6), and entered judgment in favor of defendants.

In reviewing to determine if there is a claim stated this court assumes every fact pleaded in the petition to be true and assumes every inference in favor of the plaintiff which may reasonably be drawn from those facts. *Cuba's United Ready Mix v. Bock Concrete,* 785 S.W.2d 649, 650 (Mo.App.1990). The issue to be decided is if, based on those facts and inferences, there are principles of substantive law which would entitle plaintiff to relief. *Inman v. Reorganized School Dist. No. II,* 814 S.W.2d 671, 673 (Mo.App.1991). "A petition is not to be dismissed for failure to state a claim unless it appears that the

---

1. The record reflects, as alleged in plaintiff's revised second petition that "Jack D. Ball & Associates" is an individual proprietorship owned and operated by Jack D. Ball and that "Crawford Construction Co." is a partnership of Donald Crawford and Leroy Crawford. The record shows pleadings filed in the individuals behalf and as no question was raised regarding the defendants as named, this court proceeds to decide the matter on the issues presented. *See Baum v. Glen Park Properties,* 660 S.W.2d 723 (Mo.App.1983).

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ray v. Dunn,* 753 S.W.2d 652, 654 (Mo.App.1988).

In the first count contained in plaintiff's "Revised Second Amended Petition", denominated "Count III—Damage Action for Malicious Interference", plaintiff alleges that it was the lowest bidder by $24,000 to construct an elementary school for the school district. Crawford Construction Company was the next lowest bidder. The contract for the construction was awarded to Crawford Construction Company. Jack D. Ball & Associates were architectural consultants to the school district. The petition states that the contract was awarded to Crawford due to numerous wrongful acts of defendants. Plaintiff asserts that it had a reasonable business expectancy that it would be awarded the contract as it was a responsible construction company which had submitted the lowest bid. It seeks damages as a result of not receiving the contract.

■ To state a cause of action for tortious interference with business relations, elements to be alleged are: "(1) a contract or valid business relationship or expectancy (not necessarily a contract); (2) defendants' knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of contract or relationship; (4) absence of justification; and (5) damages resulting from defendants' conduct." *Defino v. Civic Center Corp.,* 718 S.W.2d 505, 511 (Mo.App.1986). *See also Community Title v. Roosevelt Federal S & L,* 796 S.W.2d 369, 372 (Mo. banc 1990).

The elements in question here are the first and fourth. We first consider whether the lowest responsible bidder on a school construction contract has a valid business expectancy. The parties have not cited us to a case determining whether the lowest bidder on a public project might have a valid business expectancy. Likewise, we have found none. *Somers Construction Company v. Board of Education,* 198 F.Supp. 732 (D.N.J. 1961), involved a similar situation and al-

though allowing a suit for "tortious interference with a prospective economic advantage" against the architect to continue, did not discuss what is a valid business expectancy or "prospective economic advantage".

The parties have briefed certain issues regarding the affirmance here of *Page.* We discuss those issues—res judicata, collateral estoppel and law of the case—without discussing whether they are properly raised in a motion to dismiss for failure to state a claim for which relief may be granted. *See King Gen. Contr. v. Reorganized Church,* 821 S.W.2d 495, 498 (Mo. banc 1991); *Terre Du Lac Ass'n v. Terre Du Lac, Inc,* 737 S.W.2d 206 (Mo.App.1987).

■ *Page* involved counts of the petition seeking mandamus, injunction and declaratory judgment. 765 S.W.2d at 318. It states that where a public body has the right to reject any and all bids, by the rejection of a bid there is no vested interest or property right in the rejected bidder. *Id.* at 321. However, that does not answer whether there might be a valid business expectancy to receive the contract if one is the lowest responsible bidder submitting a proper bid.

■ Plaintiff does not have to show in order to establish a valid business relationship or expectancy that it had a contract. *Fischer, etc. v. Forrest T. Jones & Co.,* 586 S.W.2d 310, 315 (Mo. banc 1979); *Teale v. American Mfrs. Mut. Ins. Co.,* 687 S.W.2d 218, 219 (Mo.App.1984). "The business relationship protected need not be evidenced by an enforceable contract, but there must be reasonable expectations of economic advantage or commercial relations." *Hartbarger v. Burdeau Real Estate Co.,* 741 S.W.2d 309, 310 (Mo.App.1987).

■ As we conclude that *Page* does not establish that there was no valid business expectancy and as this is a different cause of action, neither res judicata or collateral estoppel are applicable here. Res judicata (claim preclusion) precludes the parties or their privities from relitigating the same

cause of action whereas collateral estoppel (issue preclusion) precludes the same parties or those in privity from relitigating issues previously litigated. *Eugene Alper Constr. Co. v. Joe Garavelli's,* 655 S.W.2d 132, 136 (Mo.App.1983). "Collateral estoppel only pertains to those issues which were necessarily and unambiguously decided". *King,* 821 S.W.2d at 501. That did not previously occur here.

■ Nor does law of the case apply. "Where the issues or evidence on the retrial are different from those vital to the first adjudication and opinion, the law of the case does not conclude either the trial court or the appellate court". *Davis v. J.C. Nichols Co.,* 761 S.W.2d 735, 741 (Mo.App.1988). The issues here, though based on the same facts and related, are different as they pertain to a different theory and cause of action.[2]

■ We emphasize that we are deciding this matter on the basis of facts in the petition which we must accept as true, not on facts as they may be revealed by the evidence. Based upon the facts in the petition, a business expectancy was shown. Under normal circumstances it would be expected that a school district, in order to save $24,000, would make its contract with plaintiff and not Crawford. Where a proper bid is made, we cannot say as a matter of law that the lowest bidder by a substantial amount could not have a valid business expectancy that it would receive the contract if awarded.

Next, we must determine if the pleading reflects that there was an absence of justifi-

cation for the alleged acts of defendants. Defendants state that the closest case to this situation is *Briner Elec. Co. v. Sachs Elec. Co.,* 680 S.W.2d 737 (Mo.App.1984). There, the court discussed the question of competition justifying an intentional interference with another's business relation. 680 S.W.2d at 741. Citing the Restatement (Second) of Torts § 768 (1979), the court states that a competitor may not employ "wrongful means" in interfering with the business relationship.[3]

The petition alleged that defendants "deliberately and wrongfully and without justification interfered with the said plaintiff's reasonable expectation of receiving said contract award" in several particulars. Those include:

(e) Defendants Jack D. Ball & Associates and Crawford Construction Co. breached their duty of neutrality and good faith and fair dealing in violation of their professional duty of neutrality by picking at Killian's bid, recommending Crawford and refusing to allow Killian to match Crawford's bid.

(f) Defendant Jack D. Ball & Associates set out on a course to have Crawford Construction Co. obtain the bid and used its position without disclosing its bias to effect that result, by inter alia, representing to the School Board that if it were a high-rise building, it would recommend Killian, but, because it was a one-story school, it would not.

(g) Defendant Jack D. Ball and Associates set out on a course to have Crawford

---

2. Defendants have filed a motion requesting this court to include as part of the record the two-volume transcript filed here in *Page.* That motion is denied. As stated above *Page* does not bar the claim presented in Count III. The general rule applicable here is that whether there is a failure to state a claim upon which relief can be granted is determined by an examination of the petition, not by evidence. *Inman v. Reorganized School Dist. No. II,* 814 S.W.2d 671 (Mo.App. 1991).

3. Defendants' joint brief makes no distinction as to justification between defendant architect and defendant contractor. As we find that plaintiff has pleaded "improper" or "wrongful" means

against each defendant, we do not discuss whether it was necessary for plaintiff to plead "improper means" against the defendant-architect. It is generally necessary to show "wrongful" means were used by a competitor, see *Briner,* 680 S.W.2d at 741–742 or one with a legitimate economic interest in the contract, relationship, or expectancy. See *Community Title,* 796 S.W.2d at 372; *Lick Creek Sewer Sys. v. Bank of Bourbon,* 747 S.W.2d 317, 323 (Mo.App.1988). But cf. *Hester v. Barnett,* 723 S.W.2d 544, 564 (Mo.App. 1987) (plaintiff must prove defendant's actions were unprivileged and unlawful).

Construction Co. obtain the bid and used its position without disclosing its bias to effect that result, by interference, insinuating Killian should not be awarded the contract.

(h) Defendants Jack D. Ball & Associates or its agents and Crawford Construction Co. or its agents conspired to obtain the bid of the school district, inter alia, by Ball asking for an earlier completion date on behalf of the School District, and Crawford proposing an earlier completion date without complying with the bidding requirements of § 177.086 or offering Killian an opportunity to meet or beat that bid.

Whether one or more of these contentions might have been made more definite had a motion requesting such have been filed under Rule 55.27(d) need not be decided as none was filed. These allegations sufficiently state wrongful means used in interfering with the claimed business expectancy. Count III states a claim for which relief can be granted. The trial court's order striking paragraphs 7, 8, 9, 10, 11, 12, 22, 23(b), (c), (e), (f), (g), (h), 24, 25 and 26 was erroneous and the trial court erred in dismissing Count III.[4]

■ Where an appellate court determines that one count of a multi-count petition states a claim for which relief can be granted, it is unnecessary to rule on the adequacy of the remaining counts as the adequacy of one count to state a claim is a reason for setting aside the order of dismissal. *Ray*, 753 S.W.2d at 655.

The judgment dismissing plaintiff's revised second amended petition is reversed and the cause remanded to the trial court for further proceedings.

FLANIGAN, P.J., and SHRUM, J., concur.

---

**4.** In holding that the petition states a claim for which relief can be granted, we hold only that substantive principles of law are invoked and that defendants are informed of what plaintiff will attempt to establish at trial. See *Fischer*, 586 S.W.2d at 315. We do not address which allegations of behavior if proved may establish lack of justification as to each defendant.