911 F.Supp. 378 (1996)
Alan GENOVESE, et al., Plaintiff(s),
v.
DCA FOOD INDUSTRIES, INC., et al., Defendant(s).
No. 4:95CV00519 GFG.
United States District Court, E.D. Missouri, Eastern Division.
January 12, 1996.
*379 William K. Meehan, Associate, William M. Taylor, President, St. Louis, MO, W. Morris Taylor, Clayton, MO, for plaintiffs.
Glenn E. Davis, Armstrong and Teasdale, St. Louis, MO, for DCA Food Industries, Inc. and Kerry Foods, Inc.
Mark G. Arnold, Husch and Eppenberger, St. Louis, MO, for Allied-Lyons, PLC.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on defendants DCA Food Industries, Inc., and Kerry Ingredients, Inc.'s motion to dismiss three counts of the four-count complaint for failure to state claims.[1]
International Food Systems, Inc. (IFS), a Missouri corporation, and its president, Alan Genovese, filed this diversity action against (1) Allied-Lyons, PLC, a British corporation, (2) DCA Food Industries, a New York corporation and wholly owned subsidiary of Allied, and (3) Kerry Foods, Inc., a New York corporation and the successor-in-interest of DCA.
The third amended complaint alleges that Genovese discussed with DCA his concept of selling fried chicken and donuts in China from specially designed food carts, that DCA represented that it would enter into a joint venture with plaintiffs to develop and market the concept and agreed upon a formula for the splitting of profits and sharing of costs, that DCA conveyed plaintiffs' idea to Allied which then expropriated the concept and with DCA entered into a joint venture with a Chinese company for development and marketing.
Plaintiffs seek damages on theories of tortious interference with business expectancy (Count I), fraud (Count II), breach of fiduciary duty (Count III) and breach of contract (Count IV). DCA and Kerry seek dismissal of Counts I, III, and IV.
With regard to Count I, plaintiffs assert that all foreign companies must have Chinese government partners before doing business in China, that Genovese had conducted business in China and had developed contacts with the Chinese government and that he was the assistant vice-president of the United States-China Chamber of Commerce. The complaint alleges that plaintiffs had a valid business expectancy with agents of the Chinese government to receive an exclusive territorial agreement to develop and market the food carts in China and that defendants interfered with that relationship or expectancy.
DCA and Kerry argue that the complaint does not satisfy the "valid business relationship or expectancy" element of the tort of interference with business expectancy under Missouri law. The elements of this tort are: (1) a valid business expectancy or relationship; (2) defendant's knowledge of the relationship or expectancy; (3) intentional interference by the defendant inducing or causing breach of the relationship; (4) absence of justification; and (5) damage resulting from defendant's conduct. Killian Constr. Co. v. Jack D. Ball & Assocs., 865 S.W.2d 889, 891 (Mo.Ct.App.1993). Although the business relationship need not be a contract, "there must be reasonable expectations of economic advantage or commercial relations." Hartbarger v. Burdeau Real Estate Co., 741 S.W.2d 309, 310 (Mo.Ct.App.1987) (lessee whose lease was not renewed did not have protectable business relationship with prospective sublessee to whom lessor leased property directly).
*380 The Court agrees with DCA and Kerry that the business expectancy alleged in the complaint is too indefinite and remote to support a claim for tortious interference. Cf. Killian Constr. Co., 865 S.W.2d at 891 (lowest responsible bidder for public project had protectable business expectancy of receiving contract); Kennedy v. Kennedy, 819 S.W.2d 406, 408-9 (Mo.Ct.App.1991) (allegation of negotiations which resulted in written letter of intent to trade properties satisfied pleading requirement for business expectancy); American Business Interiors, Inc. v. Haworth, Inc., 798 F.2d 1135, 1143 (8th Cir. 1986) (in bidding situation, extensive prior relations with customer created protectable business expectancy in supplier).
DCA and Kerry next argue that the Missouri Statute of Frauds, Mo.Rev.Stat. § 432.010, bars Count IV because the alleged joint-venture agreement was an oral contract not to be performed within one year. Plaintiffs respond that they partially performed their duties as joint venturers and that thus the doctrine of part performance takes the agreement out of the operation of the statute. Under Missouri law, however, the doctrine of part performance has no application to an action at law for breach of contract, except in certain cases in which real property is involved. McCoy v. Spelman Memorial Hosp., 845 S.W.2d 727, 731 (Mo.Ct.App.1973); Pemberton v. Ladue Realty & Constr. Co., 362 Mo. 768, 244 S.W.2d 62 (1951). The case relied upon by plaintiffs, Ahrens v. Dodd, 863 S.W.2d 611 (Mo.Ct.App.1992), sought specific performance of an agreement for the sale of real property, and is thus not applicable.
DCA and Kerry lastly argue that Count III should be dismissed because the only basis for a fiduciary duty owed plaintiffs in this case is the alleged joint-venture agreement, and as that agreement is not enforceable under the Statute of Frauds, the breach of fiduciary duty claim fails as well. The Court agrees that the only basis for a fiduciary duty is the alleged joint-venture agreement. See Yoest v. Farm Credit Bank, 832 S.W.2d 325, 328 (Mo.Ct.App.1992) (generally, element of confidential or fiduciary relationship is subservience of one party to dominant will of another); DeFabio v. Mackey, 493 S.W.2d 355, 359 (Mo.Ct.App.1973) (each joint venturer occupies fiduciary relationship to each co-venturer).
It does not follow, however, that because the Statute of Frauds precludes plaintiffs from enforcing the alleged joint-venture agreement in an action at law for breach of contract, they may not attempt to prove the existence of that agreement for purposes of a breach of fiduciary duty claim. Upon consideration, the Court concludes that Count III is not subject to dismissal for failure to state a claim.
Accordingly,
IT IS HEREBY ORDERED that defendants' DCA Food Industries, Inc., and Kerry Ingredients, Inc.'s motion to dismiss (Document # 25) is granted as to Counts I and IV and denied as to Count III.
NOTES
[1] The motion to dismiss, dated November 7, 1995, addresses the second amended complaint; per counsel's request (Reply Memorandum in Support of Motion at 1 n. 2) it is hereby reinstated as addressing the third-amended complaint. Plaintiffs' response and defendants' reply are also reinstated.