933 F.Supp. 822 (1996)
McDONNELL DOUGLAS CORPORATION, Plaintiff,
v.
SCI TECHNOLOGY, INC., Defendant.
SCI TECHNOLOGY, INC., Plaintiff,
v.
McDONNELL DOUGLAS CORPORATION, Defendant.
Nos. 91-CV-2077 CAS (TCM), 4:95-CV-0242 CAS.
United States District Court, E.D. Missouri, Eastern Division.
July 22, 1996.
*823 *824 Gary T. Carr, Douglas W. King, David J. Massa, Stephen R. Snodgrass, Thomas A. Schweich, Charles A. Weiss, Thomas J. Palazzolo, Bryan Cave, St. Louis, MO, for plaintiff McDonnell Douglas Corporation, a Maryland corporation.
Timothy F. Noelker, Linda L. Shapiro, Thompson Coburn, Peter Bushfield Work, David Z. Bodenheimer, Frederick W. Claybrook, Jr., Crowell and Moring, Washington, DC, W. Gordon Hamlin, Jr., E.A. Simpson, Jr., Powell and Goldstein, Atlanta, GA, for defendant SCI Technology, Inc.

MEMORANDUM AND ORDER
SHAW, District Judge.
This diversity matter is before the Court on plaintiff McDonnell Douglas Corporation's Motion to Dismiss Count I of the First Amended Counterclaim, and plaintiff's Motion to Dismiss Counts III and VIII of the First Amended Counterclaim.
This is an action for breach of contract and breach of express warranty by plaintiff McDonnell Douglas Corporation ("MDC"), arising from subcontracts entered into between MDC and defendant SCI Technology, Inc. ("SCI"), for avionics subsystems on the United States Navy's A-12 aircraft program. On April 10, 1996, SCI filed its eight-count Amended Counterclaim. MDC moves to dismiss SCI's fraudulent inducement claim, Count I, for failure to plead fraud with particularity under Federal Rule of Civil Procedure 9(b). MDC moves separately to dismiss (i) SCI's claim for unilateral mistake, Count III, on the basis that SCI has not alleged a mistake of existing fact within the narrow circumstances permitted by Missouri law; and (ii) SCI's claim for breach of fiduciary claim, Count VIII, on the basis that no fiduciary duty existed between MDC and SCI. SCI opposes the motions.

I. Standard of Review.

When ruling on a motion to dismiss, this Court must take the allegations of the counterclaim as true. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957) (motion to dismiss complaint). The counterclaim must be liberally construed in a light most favorable to the counterclaim plaintiff. See Coleman v. Watt, 40 F.3d 255, 258 (8th Cir.1994) (motion to dismiss complaint); Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986) (same). A motion to dismiss should not be granted merely because a counterclaim does not state with precision every element of the offense necessary for recovery. See Roberts v. Walmart Stores, Inc., 736 F.Supp. 1527, 1528 (E.D.Mo. 1990) (motion to dismiss complaint). "A [counterclaim] is sufficient if it contains allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. (internal quotations and citation omitted). Therefore, a motion to dismiss should not be granted unless it appears beyond doubt that the counterclaim plaintiff can prove no set of facts which would entitle it to relief. Coleman, 40 F.3d at 258; Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir.1993). With this standard in mind, the Court turns to the merits of plaintiff's motions to dismiss.

II. Discussion.

A. Motion to Dismiss Count I  Fraudulent Inducement.
In support of its motion to dismiss Count I of the amended counterclaim, MDC states that SCI has failed to plead any of the particulars *825 of its fraud claim, including the name(s) of the person(s) who made the representations detailed in paragraph 20 of the counterclaim, to whom the representations were made, when they were made, whether they were oral or in writing, and the accompanying circumstances. MDC contends that such details are required by Rule 9(b), Fed.R.Civ. P., and Bennett v. Berg, 685 F.2d 1053, 1062 (8th Cir.1982), cert. denied, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983).
SCI responds that it provided the factual details allegedly absent from its counterclaim by means of the affidavit of SCI executive P. Michael Dunn, filed and served in July 1994, and that MDC has used the details in conducting extensive deposition discovery on SCI's fraud claim for the past ten months. Thus, SCI contends that MDC is asserting a "purely formalistic" argument. Further, on July 1, 1996, SCI filed a "Notice of Intent" to submit certain exhibits to its counterclaim to incorporate deposition testimony concerning the alleged fraudulent inducement. Finally, SCI also contends that by granting it leave to file an amended counterclaim, the Court implicitly rejected MDC's Rule 9(b) argument as previously advanced in July 1994.
The Court finds that MDC's motion to dismiss should be granted, with leave to amend within twenty days. Rule 9(b) requires that "the circumstances constituting fraud ... be stated with particularity." In this context, "'Circumstances' include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." Bennett, 685 F.2d at 1062; see also Greenwood v. Dittmer, 776 F.2d 785, 789 (8th Cir.1985). The degree of particularity required to comply with Rule 9(b) varies from case to case:
The sufficiency of a pleading under Rule 9(b) depends upon the nature of the case, the complexity or simplicity of the transaction or occurrence, the relationship of the parties and the determination of how much circumstantial detail is necessary to give notice to the adverse party and enable him to prepare a responsive pleading.
United States ex rel. O'Keefe v. McDonnell Douglas Corp., 918 F.Supp. 1338, 1345 (E.D.Mo.1996) (internal quotations and citations omitted).
In this case, SCI makes detailed allegations concerning the content of the misrepresentations. (See First Amended Counterclaim, ¶ 20.) As MDC states, however, the amended counterclaim is devoid of information concerning who made the representations, to whom the representations were made, when the representations were made, whether the representations were oral or in writing, and the accompanying circumstances.
Rule 9(b) does not require that details concerning each of these points be pleaded, as the rule is harmonized with the general principle of Rule 8 that a party need only plead a "short and plain statement" of a claim. Fed.R.Civ.P. 8(a); see Craighead v. E.F. Hutton & Co., Inc., 899 F.2d 485, 491 (6th Cir.1990); O'Keefe, 918 F.Supp. at 1345. To plead fraud with sufficient particularity, however, the identity of the person making the misrepresentation and the time and place thereof must be pleaded in addition to the content of the misrepresentation. Bennett, 685 F.2d at 1062. Thus, the Court finds that SCI's fraudulent inducement claim does not meet the particularity requirement of Rule 9(b), which is not a "purely formalistic" deficiency.
The fact that SCI attempts to bolster the allegations of its fraudulent inducement claim with affidavits and other evidence illustrates the deficiency of its pleading. The particularity requirements of Rule 9(b) must be met in the pleading itself, and may not be supplied in extraneous documents. See Miller v. Gain Financial, Inc., 995 F.2d 706, 709 (7th Cir.1993); GL Industries of Michigan, Inc. v. Forstmann-Little, 800 F.Supp. 695, 700 (S.D.Ind.1991); Beck v. Cantor, Fitzgerald & Co., Inc., 621 F.Supp. 1547, 1552 (N.D.Ill.1985); Arroyo v. Wheat, 591 F.Supp. 141, 144 (D.Nev.1984). Finally, the Court had not previously addressed the sufficiency of SCI's fraudulent inducement claim, and did not implicitly decide the issue when it sua sponte granted leave to file the amended counterclaim.
*826 Accordingly, defendant's motion to dismiss Count I of SCI's amended counterclaim will be granted. SCI will be granted twenty days from the date of this order in which to file a second amended counterclaim which meets the requirements of Rule 9(b).

B. Motion to Dismiss Counts III and VIII.
As a threshold matter, MDC has submitted materials outside the pleadings in support of its motion to dismiss Counts III and VIII of the amended counterclaim. A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) "must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court." Woods v. Dugan, 660 F.2d 379, 380 (8th Cir.1981) (per curiam). When matters outside the pleadings are presented on a motion to dismiss, the court may either treat the motion as one to dismiss and exclude the matters outside the pleadings, or treat the motion as one for summary judgment and provide the parties with notice and an opportunity to provide further materials. See Gibb v. Scott, 958 F.2d 814, 816 (8th Cir.1992). The Court will exclude from consideration all matters outside the pleadings and treat MDC's motion as a motion to dismiss.

1. Count III  Unilateral Mistake.

SCI asserts a claim for unilateral mistake in Count III of the amended counterclaim.[1] In support of its motion to dismiss Count III, MDC asserts that under Missouri law a contracting party generally may not escape contractual responsibilities by claiming unilateral mistake, citing Great Western Sugar Co. v. Mrs. Alison's Cookie Co., Inc., 749 F.2d 516, 521 (8th Cir.1984) (applying Missouri law). MDC states that the only exception to this rule occurs where (i) the mistake of one party is either known to the other party or is so obvious under the circumstances that it should have been known to the other party; and (ii) the mistake concerns a matter so vital that the parties essentially never agreed to the same proposition because of miscalculation or false information. Id. (citations omitted).
MDC contends that under the facts alleged in the counterclaim, SCI cannot meet the narrow exception and state a claim for unilateral mistake because (a) SCI does not allege that it was mistaken as to terms and conditions of the MDC/SCI subcontracts themselves, but rather as to some of the "facts" motivating its decision to enter into the subcontracts; (b) the alleged mistakes relate to the prime contract and not the MDC/SCI subcontracts; (c) the alleged mistakes are of future contingencies rather than existing facts; (d) SCI's allegations include claims of a mistake of law for which Missouri law provides no recovery; (e) SCI expressly assumed the risk of a mistake in its subcontracts; and (f) the facts alleged by SCI in support of the unilateral mistake claim are economically senseless.
SCI responds that it has sufficiently alleged a claim of unilateral mistake under Missouri law, and that MDC's argument disregards the facts it alleges in Count III. SCI asserts that Count III alleges, inter alia, that (i) MDC made representations of material facts to SCI, as set forth in paragraph 20 of the amended counterclaim, at the time SCI agreed to enter into the subcontracts; (ii) SCI relied on MDC's representations because it had no other source of information concerning the facts; (iii) MDC knew or should have known the facts were not as it represented; (iv) the facts were fundamental and material to SCI's decision to enter the subcontracts; (v) MDC knew or should have known of SCI's mistaken understanding of the material facts in question; and (vi) SCI did not assume the risk of a mistaken understanding of fact.
Under Missouri law, a contract may be rescinded if a party "acted under a mistake of fact going to the essence of the contract." Fidelity & Deposit Co. of Maryland v. F.D.I.C., 54 F.3d 507, 512 (8th Cir. 1995). An alleged unilateral mistake must concern a matter so vital that a court can *827 conclude the parties "never actually agreed to the contractual elements". Electro Battery Mfg. Co. v. Commercial Union Ins. Co., 762 F.Supp. 844, 852 (E.D.Mo.1991) (citing Sheinbein v. First Boston Corp., 670 S.W.2d 872, 876 (Mo.App.1984)). The unilateral mistake must be a mistake "as to a fact which enters into and forms the very basis of the contract." Sheinbein, 670 S.W.2d at 877 (citing Smith v. Githens, 271 S.W.2d 374, 379 (Mo.App.1954)).
For example, in Electro Battery, the plaintiff sued its insurance carrier, contending that the plaintiff was unilaterally mistaken in believing it had purchased an automobile insurance policy with a $500,000.00 policy limit rather than the $250,000.00 limit the policy actually contained. Although the Court declined to reform the policy on the basis of unilateral mistake, the amount of the policy limit presumably was a vital matter going to the basis of the contract. Id., 762 F.Supp. at 852. In Sheinbein, the plaintiff sued to enforce a sales contract to purchase debentures at a price of $790.00 per bond. The defendant sought to rescind the contract on the basis of unilateral mistake, claiming it had intended to quote a price of $890.00 per debenture, and that plaintiff should have known the $790.00 price was a clerical mistake and was too low. Id., 670 S.W.2d at 875. The Missouri Court of Appeals found that the dollar variation between the quoted sales price and the probable market price of the debentures constituted a mistake of fact going to the very basis of the contract which should have been submitted to the jury. Id. at 877.
In this case, the Court agrees with MDC's first contention. SCI does not allege the existence of a unilateral mistake as to facts forming the very basis of the subcontracts into which it entered. SCI does not contend that MDC and SCI agreed to different propositions when they entered into the subcontracts. The parties agree that SCI was to build certain avionics subsystems for MDC as part of the A-12 aircraft program, for a certain price and within certain specifications and parameters. SCI does not allege mistake as to the contractual elements themselves. Instead, SCI alleges it was unilaterally mistaken about factual matters material to its decision to enter into the subcontracts with MDC: For example, whether the design technologies, design concepts and system design for the A-12 aircraft were "mature" from a technical standpoint  essentially whether the specifications and parameters were realistic and achievable. (See First Amended Counterclaim, ¶¶ 20.a.-i.) These allegations do not go to the essence of the contract itself. See, e.g., Sheinbein, 670 S.W.2d at 877.
For this reason, the Court finds that SCI's allegations are insufficient to state a claim for unilateral mistake under Missouri law. As a result it is not necessary to address MDC's other arguments. MDC's motion to dismiss Count III will be granted.

2. Count VIII  Breach of Fiduciary Duty.

SCI asserts a claim for breach of fiduciary duty in Count VIII of the amended counterclaim. MDC moves to dismiss Count VIII, asserting that SCI can prove no set of facts which would support its claim for breach of duty under Missouri law. MDC contends there can be no fiduciary duty claim as a matter of law because the parties, two large, sophisticated business entities, entered into an arm's-length contractual arrangement upon the advice and counsel of engineers, attorneys and executives.
SCI responds that it has unquestionably alleged the existence of a fiduciary relationship in accordance with Missouri law. SCI asserts that whether a fiduciary or confidential relationship exists is a fact-intensive inquiry, and that MDC's fact-based arguments are not properly raised on a motion to dismiss.
Under Missouri law, there is no specific list of factors which must be present in order to determine that a fiduciary relationship exists. Matlock v. Matlock, 815 S.W.2d 110, 115 (Mo.App.1991) (citing Chmieleski v. City Products Corp., 660 S.W.2d 275, 293 (Mo.App.1983)). Missouri courts have, however, identified basic elements which are generally necessary to the establishment of a fiduciary relationship:
(1) as between the parties, one must be subservient to the dominant mind and will *828 of the other as a result of age, state of health, illiteracy, mental disability, or ignorance; (2) things of value such as land, monies, a business, or other things of value which are the property of the subservient person must be possessed or managed by the dominant party; (3) there must be a surrender of independence by the subservient party to the dominant party; (4) there must be an automatic or habitual manipulation of the actions of the subservient party by the dominant party; and (5) there must be a showing that the subservient party places a trust and confidence in the dominant party.
Chmieleski, 660 S.W.2d at 294; see also Emerick v. Mutual Benefit Life Ins. Co., 756 S.W.2d 513, 526-27 (Mo. banc 1988) (quoting Chmieleski).
It is well established in Missouri that the existence of a business relationship does not of itself give rise to a fiduciary relationship. C & J Delivery, Inc. v. Emery Air Freight Corp., 647 F.Supp. 867, 875 (E.D.Mo.1986) (citing Chmieleski, 660 S.W.2d at 294). In most instances where a fiduciary relationship has been found in a business relationship, the fiduciary duty has arisen from statutory requirements or in furtherance of public policy. Chmieleski, 660 S.W.2d at 294-95.
SCI has affirmatively pleaded the existence of a fiduciary relationship between it and MDC, arising in large part from MDC's alleged exclusive knowledge concerning the A-12 program. SCI alleges that it invested funds in the full-scale development phase of the program based on MDC's representations and the trust it placed in MDC. SCI also alleges that MDC knowingly assumed certain specified fiduciary obligations toward it, on which SCI relied.
Although it may appear unlikely that SCI can prove at trial the existence of a fiduciary duty owed by MDC in the context of the sophisticated parties' business relationship, the Court must take the allegations of the counterclaim as true, see Conley, 355 U.S. at 45-46, 78 S.Ct. at 101-02, and liberally construe it in a light most favorable to SCI. See Coleman, 40 F.3d at 258. At this juncture, it does not appear beyond doubt that SCI can prove no set of facts which would entitle it to relief. See Kohl v. Casson, 5 F.3d at 1148; compare Genovese v. DCA Food Industries, Inc., 911 F.Supp. 378, 380 (E.D.Mo.1996) (denying motion to dismiss breach of fiduciary duty claim allegedly arising from oral joint venture agreement). MDC's motion to dismiss Count VIII will be denied.

III. Conclusion.

For the foregoing reasons, the Court concludes that MDC's motion to dismiss Count I should be granted, with leave to amend within twenty days. The Court also concludes that MDC's motion to dismiss Count III should be granted, and its motion to dismiss Count VIII should be denied.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's Motion to Dismiss Count I of the First Amended Counterclaim is GRANTED. [Doc. 226]
IT IS FURTHER ORDERED that defendant SCI Technology, Inc. is granted leave to file a second amended counterclaim which meets the requirements of Rule 9(b), Fed. R.Civ.P., within twenty (20) days of the date of this order.
IT IS FURTHER ORDERED that plaintiff's Motion to Dismiss Counts III and VIII of the First Amended Counterclaim is GRANTED as to Count III and DENIED as to Count VIII. [Doc. 225]
NOTES
[1] Count III is pleaded in the alternative to Count I (fraudulent inducement) and Count II (negligent misrepresentation).